935 F.2d 278
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Lionel Douglass TUCKER, Plaintiff-Appellant,
v.
H.N.S. SCOTT, Warden of Jackie Brannon Correctional Center,
Gary D. Maynard, et al., Defendants-Appellees.
 No. 91-7024.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case is before us on appellant's motion for leave to appeal without prepayment of fees. The trial court refused to certify that this appeal is taken in good faith. 28 U.S.C. Sec. 1915(a). The appeal may not, therefore, be taken in forma pauperis. Id. Our review of the record and the issues also persuades us the appeal should be dismissed because Mr. Tucker can make no rational argument on either the law or the facts to support his case.
 
 
 3
 Mr. Tucker is an inmate acting pro se claiming violations of his civil rights under 42 U.S.C. Sec. 1983. He claims that disciplinary proceedings arising out of an altercation between himself and another inmate denied him due process, and that the evidence presented at the hearing was insufficient to find him guilty. Mr. Tucker also claims that his Sixth Amendment confrontation clause rights were violated, that his earned time credits were revoked unconstitutionally, and that his higher security classification constituted cruel and unusual punishment. The district court dismissed all of Mr. Tucker's claims under 28 U.S.C. Sec. 1915(d), ruling that they lacked an arguable basis in either law or fact.
 
 
 4
 Upon reviewing the record, we believe the district court was correct in holding that the disciplinary proceeding comported with the requirements of the Due Process Clause as enunciated in Wolff v. McDonnell, 418 U.S. 539 (1974). Mr. Tucker claims that his disciplinary hearing was not conducted by an impartial decision maker. However, prison disciplinary actions do not trigger the full range of rights required in a criminal prosecution, and he is not entitled to a decision maker independent of the prison system. Id. at 570-71. Mr. Tucker fails to specify, and we fail to find in the record, any other due process violations in his disciplinary hearing. Likewise, his argument that the evidence was insufficient to find him guilty of assaulting another inmate is equally without merit under the standard of Superintendent, Massachusetts Correctional Inst., Walpole v. Hill, 472 U.S. 445, 454-56 (1985).
 
 
 5
 Mr. Tucker next claims that his Sixth Amendment confrontation clause rights were violated at the hearing, yet the law is clearly established that he has no such rights at a prison disciplinary hearing. Baxter v. Palmigiano, 425 U.S. 308, 321-23 (1976). Also, it is clearly established that, absent the creation of a liberty interest by the state, security classification of inmates is a matter left to the discretion of prison officials and therefore does not present due process issues. Hewitt v. Helms, 459 U.S. 460 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Since Mr. Tucker has failed to allege the creation of a liberty interest, he has no due process claim in maintaining his security classification. Similarly, Mr. Tucker's allegations that his punishment was cruel and unusual fall far short of the level of conduct prohibited by the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).
 
 
 6
 Finally, Mr. Tucker asserts that his earned time credits were revoked in violation of due process. Yet, the Martinez report contained in the record shows that while these earned time credits were initially revoked, this revocation was subsequently suspended, mooting Mr. Tucker's due process claim. Mr. Tucker does not dispute this finding, nor does he present any evidence to show that his credits were not restored. Mr. Tucker also claims on appeal that he was denied access to incident reports and other documents prior to his hearing, and that he was not given a written statement of the facts relied on and the reason for the conclusions reached at the hearing. Since these claims were raised for the first time on appeal, we will not consider them.
 
 
 7
 Therefore, we believe the district court did not err in dismissing all of Mr. Tucker's claims under 28 U.S.C. Sec. 1915(d), as they are all without merit, either lacking an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319 (1989). The motion to appeal without prepayment of fees is DENIED, and the appeal is DISMISSED. Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3