936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Byron J. STEVENS, Plaintiff-Appellant,
v.
US SPRINT TELEPHONE COMPANY, Defendant-Appellee.
 No. 91-3031.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Byron J. Stevens, an inmate in a penal institution in North Carolina, filed a pro se complaint in the United States District Court for the District of Kansas against U.S. Sprint Telephone Co. Citing as the court's jurisdictional basis "the appropriate and applicable United States Code and Rules of Civil Procedures [sic]," plaintiff averred when inmates in correctional institutions in North Carolina placed collect long-distance calls, the person called was advised by the operator that the call was from an inmate or a penal institution.[1] Plaintiff did not set forth the basis for his action, but he averred, "The laws of the United States and North Carolina totally prohibit the use of wiretapping in all manners except where such is strictly authorized for a particular instant and manner." In response to defendant's motion to dismiss for failure to state a claim, plaintiff argued the jurisdictional base of his action is a North Carolina criminal statute which prohibits an unauthorized connection with the wire or facility owned by a telephone company.
 
 
 3
 The district court granted the motion to dismiss, Fed.R.Civ.P. 12(b)(6), and subsequently denied plaintiff's motion for leave to appeal in forma pauperis on the ground that this action is frivolous. The appeal now pends before us on plaintiff's motion for leave to appeal without prepayment of fees, and both sides have filed briefs on the merits. We deny the motion and dismiss the appeal.
 
 
 4
 The pleadings of a pro se litigant must be construed liberally and held to a less stringent standard than those drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Further, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Applying those principles, we see no way in which plaintiff could prove the claims he asserted.
 
 
 5
 Plaintiff's attempt to obtain damages and injunctive relief was abortive. A long-distance operator's inquiry whether a person wants to receive a call from an inmate or an institution does not constitute a violation of the federal wiretapping law. Such a violation occurs only upon an unlawful interception, revelation, or disclosure of the contents of a wire communication. 18 U.S.C. Sec. 2511(1). The operator's inquiry is not an interception within the meaning of the statute because it is not an "acquisition of the contents of any wire ... communication." Under the circumstances of this case, until the call is connected, no communication can occur; hence, no interception can take place until after the call is accepted. Plaintiff's reliance upon the federal wiretap statute is misplaced.
 
 
 6
 The same conclusion applies to plaintiff's reliance upon the North Carolina criminal statute. That provision contains no private enforcement provisions, nor does it constitute a civil remedy.
 
 
 7
 Before plaintiff can succeed on his motion for leave to appeal without prepayment of fees, he must establish: 1. A financial inability to pay the required filing fees, and 2. The existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. Sec. 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We conclude appellant can make no rational argument on the law or facts in support of the issues raised on appeal; therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied.
 
 
 8
 Moreover, we conclude the lack of rationality in the arguments of the plaintiff on the merits of this case mandate its dismissal. Therefore, the appeal is DISMISSED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant admits the practice occurred, but advised the district court that it had been discontinued