936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Saleem Abu IRMAYSHAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 Nos. 90-9588, 91-9534.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on petitioner's motion for leave to proceed on appeal without prepayment of costs or fees. See 28 U.S.C. Sec. 1915(a). We conclude that petitioner has made a rational argument on the law or facts in support of the issues raised on appeal. See Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We therefore grant petitioner's motion and proceed to the merits of his claim.
 
 
 3
 Saleem Abu-Irmayshan, an alien who entered the United States on a Jordanian passport as a non-immigrant student, petitions this court for review of the Board of Immigration Appeal's denial of his motion to reopen deportation proceedings. He also appeals the BIA's denial of his second motion to reopen deportation proceedings. Petitioner claims in both appeals that the Board abused its discretion in refusing to reopen his case because it failed to adequately consider the factors relevant to his motion.
 
 
 4
 On April 19, 1990, petitioner appeared pro se at his deportation hearing held at the Fremont Correctional Facility in Canon City, Colorado. The Immigration and Naturalization Service charged petitioner with deportability pursuant to 8 U.S.C. Sec. 1251(a)(11) (1988). The INS alleged that petitioner had been convicted of several drug-related offenses, including possession of cocaine. At the hearing, Mr. Abu-Irmayshan was advised of his right to be represented by an attorney, to which he responded that he had encountered difficulty in obtaining representation. Upon being presented with the choice of receiving a continuance to get a lawyer or proceeding with the hearing, petitioner stated that he would speak for himself.
 
 
 5
 Mr. Abu-Irmayshan asserted that he was a native of Palestine, but admitted that he had a Jordanian passport. He entered the United States on February 17, 1977, as a student, and adjusted his status to a permanent resident on July 14, 1978, after marrying a United States citizen. He admitted to the immigration judge that he was convicted in the District Court of Denver on October 16, 1989, of possession of LSD and diazepam. On October 10, 1989, according to petitioner's admission, he was convicted in the District Court of Arapahoe County of possession of cocaine. He nevertheless denied deportability and claimed that he was not guilty of any of the charges.
 
 
 6
 After the INS presented certified copies of the petitioner's three convictions, the immigration judge found that petitioner was deportable. The judge then asked petitioner if he wished to file an application for relief under section 212(c) of the Immigration and Nationality Act. 8 U.S.C. Sec. 1182(c) (1988). Petitioner responded that he had previously filed such a form but did not have a copy of it before him. He then indicated his desire to immediately fill out the required form and have the immigration judge rule on the application later that same day.
 
 
 7
 When petitioner's case reconvened later that morning, the immigration judge admitted into evidence petitioner's application for a waiver of deportability. During the proceeding, the judge asked petitioner to which country he would like to be deported. He answered, "If Israel would accept me." Record, vol. 1, at 129. Petitioner's mother and two brothers live in the West Bank, and his sister lives in Jordan.
 
 
 8
 At the conclusion of the hearing, the immigration judge found petitioner deportable under 8 U.S.C. Sec. 1251(a)(11) (1988), based on his convictions for narcotic offenses. After considering petitioner's three-year marriage to an American citizen, his contact with his former wife and daughter who lived with her mother, and petitioner's health problems, the immigration judge determined that those equities were outweighed by petitioner's drug offenses. The immigration judge then denied petitioner's application for waiver of deportation pursuant to section 212(c), and ordered petitioner deported to Israel.
 
 
 9
 On April 20, 1990, petitioner appealed the immigration judge's deportation ruling to the Board of Immigration Appeals. He complained that he was given insufficient time to prepare his case, in violation of 8 U.S.C. Sec. 1252(b) (1988). The BIA dismissed petitioner's appeal, finding that deportability based on his previous drug convictions was established by clear, unequivocal, and convincing evidence. The BIA found that the record demonstrated that petitioner received notice of his hearing well in advance and that the immigration judge offered petitioner a continuance if he wished more time to obtain an attorney.
 
 
 10
 Petitioner filed a motion to reopen the deportation proceedings and application for asylum and withholding of deportation on October 26, 1990. In his request for asylum in the United States, petitioner claimed that he departed from his country of nationality on March 15, 1969, because his life was in danger. He expressed his belief that he was expelled from Jordan because of his open support for the Palestinian Liberation Organization. Petitioner fears that if he were to return to Israel he would face persecution and imprisonment because of his support for the P.L.O. and belief in a Palestinian state. His request for asylum also details repeated interrogations and torture inflicted on him by Israeli intelligence from 1967 to 1969. Petitioner also drew the BIA's attention to the ongoing intifada, which began in the Occupied Territories of the West Bank and Gaza Strip in late 1987.
 
 
 11
 The BIA denied petitioner's motion to reopen his deportation proceedings on November 30, 1991. It found that petitioner did not explain adequately his failure to raise the issue of asylum in his appeal. The decision emphasized petitioner's express desire to be deported to Israel and noted that at the hearing before the immigration judge petitioner expressed no fear arising from his return to that country. The BIA then found that conditions in Israel had not deteriorated so rapidly and drastically since petitioner's deportation hearing to constitute new and material evidence warranting reopening. The BIA denied petitioner's second motion to reopen deportation proceedings, which contained similar factual allegations, on April 23, 1991. Petitioner appeals both decisions.
 
 
 12
 When deportation proceedings have been completed, the petitioner must fulfill two threshold requirements before a motion to reopen will be granted. He must initially establish a prima facie case of eligibility for relief. Immigration & Naturalization Service v. Wang, 450 U.S. 139, 141 (1981). In addition, in a motion to reopen to apply for asylum, a petitioner must present evidence that "is material and was not available and could not have been discovered or presented at the hearing." 8 C.F.R. Sec. 242.22 (1990). See Immigration & Naturalization Service v. Abudu, 485 U.S. 94, 104-05 (1988).
 
 
 13
 The BIA found that petitioner did not adequately explain his failure to request asylum before the close of his deportation proceeding. We review the BIA's denial of petitioner's motion to reopen deportation proceedings for an abuse of discretion. Abudu, 485 U.S. 94, 96 (1988). The sole issue before us, therefore, is whether the BIA abused its discretion in finding that petitioner had not offered significant new evidence nor adequately explained his previous failure to seek asylum.
 
 
 14
 We conclude that the BIA did not abuse its discretion when it held that petitioner did not reasonably explain his failure to apply for asylum prior to the completion of the deportation proceeding. A review of the transcript does not support petitioner's claim that the immigration judge advised him to pursue a claim for asylum on a motion to reopen. The immigration judge instead advised petitioner that his case could be reopened if Israel would not accept him. Record, vol. 1, at 130. Additionally, petitioner was aware of his prior persecution by Israeli intelligence and the current intifada at the time of the deportation hearing. Yet petitioner did not consider these circumstances strong enough to prompt him to assert that he had a well-founded fear of persecution. When asked to what country he would like to be deported, petitioner answered Israel. In this context, it was neither arbitrary nor unreasonable for the BIA to regard the killings of Palestinians on the Temple Mount in Jerusalem as not providing significant additional support for a claim of asylum.
 
 
 15
 The petitions for review are DENIED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3