Jack V. K. RAGAN, Appellant,

v.

Colonel Weldon W. COX, Commandant, United States Disciplinary Barracks, Leavenworth, Kansas, Appellee.

No. 6811.

United States Court of Appeals
Tenth Circuit.

June 21, 1962.

Calvin L. Rampton of Pugsley, Hayes & Rampton, Salt Lake City, Utah, for appellant.

Alan G. Marer, Atty., Dept. of Justice, and Frank O. House, Major, United States Air Force (Burke Marshall, Asst. Atty. Gen., Newell George, U. S. Atty., and Harold H. Greene, Atty., Dept. of Justice, were with them on the brief), for appellee.

Before PHILLIPS, PICKETT, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Ragan presented to the United States District Court for the District of Kansas two petitions for habeas corpus, each of which was accompanied by a motion and affidavit for leave to file in forma pauperis under 28 U.S.C. § 1915(a). The first petition, identified on the docket of the lower court as No. 3230 H.C., alleged that Ragan was held unlawfully in the United States Disciplinary Barracks at Leavenworth, Kansas, because two military court-martial sentences imposed against him ran concurrently rather than consecutively and had been completely served. The court, without stating any reasons, denied leave to file in forma pauperis.

The second petition, identified as No. 3236 H.C., alleged that Ragan had received a military court-martial sentence of six years and a dishonorable discharge; that after such discharge he had received a second military court-martial sentence of 10 years; that the second sentence was void as the court-martial lacked jurisdiction over him because of the discharge; and that the first sentence had been completely served. Again, the court, without stating any reasons, denied leave to file in forma pauperis.

Subsequently, in each case Ragan filed a motion, with supporting affidavit for leave to appeal in forma pauperis. These were each denied without any reasons being stated and without any certificate that the appeal was not taken in good faith. Ragan then applied to the Court of Appeals in each case for leave to appeal in forma pauperis. The two cases were consolidated as Docket No. 6811. We granted leave "to proceed in this court in forma pauperis" and ordered the certification of the original files to this court. After examination of those files we denied "leave to proceed further in forma pauperis" and dismissed the appeals. On certiorari, the Supreme Court vacated our order "insofar as it denies petitioner leave to proceed in forma pauperis" and remanded the cause for further proceedings.

The only matter before us is the validity of the trial court orders denying leave to file in forma pauperis. These are appealable orders.[1] In Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060, the Supreme Court reversed a denial of leave to appeal in forma pauperis saying:

"Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant, Fed.Rule Crim. Proc. 39(a) [18 U.S.C.A.], the re-

1. Roberts v. United States District Court for the Northern District of California, 339 U.S. 844, 845, 70 S.Ct. 954, 94 L.Ed. 1326; Ex parte Quirin, 317 U.S. 1, 24, 63 S.Ct. 1, 87 L.Ed. 3.

quest of an indigent for leave to appeal *in forma pauperis* must be allowed."

This rule was reaffirmed in Coppedge v. United States, 369 U.S. 438, 448, 82 S.Ct. 917, 8 L.Ed.2d 21, and was amplified by the statement that:

"It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts."

While Ellis and Coppedge were each concerned with the allowance in forma pauperis of a direct appeal from a judgment of conviction in a criminal case, the principles there announced should be followed in actions upon motions for leave to file, prosecute, or defend an action or proceeding in the district court without the prepayment of fees and costs. The differences between the provision for appeal in 28 U.S.C. § 1915(a) and for dismissal in 28 U.S.C. § 1915(d) are not material.[2]

The issues raised by the petitioner were not frivolous. While the trial court may have felt that they were without merit, the Supreme Court has made it clear that merit or lack of merit is not the test. When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case but in so doing it should clearly state the grounds for such action.

The orders denying leave to file in forma pauperis in district court cases Nos. 3230 H.C. and 3236 H.C. are each reversed for further proceedings in harmony with this opinion.

2. In § 1915(a) it is said that an appeal may not be taken in forma pauperis "if the trial court certifies in writing that it is not taken in good faith." In § 1915 (d) it is said that the court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."