930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jorge Luis LOPEZ, Plaintiff-Appellant,
v.
R.L. MATTHEWS, Mr. O'Connor, and Defendant Ray, Captain,
Defendants-Appellees.
 No. 90-3231.
 United States Court of Appeals, Tenth Circuit.
 Feb. 21, 1991.
 
 Before McKAY, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from an order dismissing a pro se complaint filed by a prisoner for failure to exhaust administrative remedies. The case is before us on plaintiff's motion to proceed in forma pauperis.
 
 
 2
 After construing the complaint as a claim of continuing unlawful conditions of confinement and denial of medical care, the district court concluded the administrative remedies established by the Bureau of Prisons would provide plaintiff with a remedial process. In reliance upon Brice v. Day, 604 F.2d 664, 667 (10th Cir.1979), cert. denied, 444 U.S. 1086 (1980), the court dismissed the complaint without prejudice.
 
 
 3
 Mr. Lopez appeals on the ground that his complaint was a Bivens action for damages based upon completed acts; therefore, he argues Brice is inapposite. Our review of the record leads us to the conclusion this argument is without force.
 
 
 4
 Even given the liberal construction to which a pro se pleading is entitled, the complaint does not escape the parameters of Brice. First, the averments are all generalities. We cannot find any claim of specific fact to support a Bivens action. Second, the bald contention that the complaint was intended as a Bivens claim will not protect it from the requirement that a prisoner exhaust administrative remedies.
 
 
 5
 Indeed, in Brice the plaintiffs contended they should not have to resort to Bureau of Prisons remedies because the acts upon which their claims were predicated were completed and recognized by Bivens. In disregarding that claim, we said: "Thus, if we assume that the petitions before us could indicate a Bivens cause of action as the appellants argue, we must nevertheless require an initial administrative inquiry." Brice, 604 F.2d at 666.
 
 
 6
 The order of the district court requiring Mr. Lopez to seek administrative relief was entirely proper. We note, however, in dismissing the complaint without prejudice, the court left open to plaintiff the right of judicial action upon completion of that process.
 
 
 7
 We conclude plaintiff can make no rational argument on the law or facts in support of the appeal. Therefore, the motion to proceed without prepayment of costs or fees is DENIED. Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3