937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Bobby RAINEY, Petitioner-Appellant,
v.
Dareld L. KERBY, Warden, Attorney General of the State of
New Mexico, Respondents-Appellees.
 No. 91-2011.
 United States Court of Appeals, Tenth Circuit.
 July 23, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner Bobby Rainey's motion for leave to proceed on appeal without prepayment of costs or fees and application for a certificate of probable cause.
 
 
 2
 Petitioner seeks to appeal the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Petitioner is a state prisoner who filed a prior Sec. 2254 petition challenging his convictions on four grounds. His appeal of the district court's denial of that petition was affirmed by this court in an unpublished order and judgment. See Rainey v. Kerby, No. 90-2159 (10th Cir. Feb. 26, 1991). The instant petition presents a claim not dealt with in the first, that petitioner was subjected to multiple punishments for the same offense in violation of the Double Jeopardy Clause. He argues that his state conviction for criminal sexual penetration, kidnapping, and aggravated burglary, which stemmed from his entering the residence of Tatsue Montoya and raping her, constituted three punishments for the same crime as prohibited by the Fifth Amendment. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969).
 
 
 3
 The district court dismissed the petition on the magistrate judge's recommendation pursuant to Rule 4 of the Rules Governing Sec. 2254 Proceedings. On appeal respondents urge that this dismissal was correct, arguing that the issue was not raised in the earlier petition and that there was no double jeopardy violation under New Mexico case law.
 
 
 4
 We first note that the Supreme Court has recently ruled in McCleskey v. Zant, 111 S.Ct. 1454, 1471 (1991), that the Wainwright v. Sykes, 433 U.S. 72 (1977), standard of cause and prejudice should be applied when a second or subsequent federal habeas petition is filed raising an issue not raised in an earlier petition. Petitioner demonstrates no cause as to why the earlier petition did not raise the issue asserted for relief here. He recites only that neither he nor his previous writ writer knew of or understood this point of law and that he had no counsel. I R. tab 2 at 6. Such a contention does not establish cause for the omission. See Coleman v. Thompson, 59 U.S.L.W. 4789, 4797-98 (U.S. June 24, 1991) (habeas petitioner has no constitutional right to counsel; thus, petitioner bears risk of even attorney errors in habeas proceedings). Therefore, we must dismiss.
 
 
 5
 Petitioner can make no rational argument on the law or facts in support of the issues raised on appeal. See 28 U.S.C. Sec. 1915(a); Coppedge v. United States, 369 U.S. 438, 445 (1962); Ragan v. Cox, 305 F.2d 58, 59-60 (10th Cir.1962). We also conclude that appellant has failed to make a substantial showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. Sec. 2253. See Barefoot v. Estelle, 463 U.S. 880, 892-94 (1983).
 
 
 6
 Therefore, petitioner's motion for leave to proceed on appeal without prepayment of costs or fees is denied; his application for a certificate of probable cause is denied. The appeal is dismissed.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3