946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rolly O. KINNELL, Plaintiff-Appellant,
v.
Sgt. CONNALLY, Chin, Co II, Finnley, Jr., Co II, Defendants-Appellees.
 No. 91-3148.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Kinnell, a state inmate, commenced a pro se suit seeking damages. The trial court granted defendants summary judgment and Mr. Kinnell appeals pro se.
 
 
 3
 Mr. Kinnell alleged in his complaint he was homosexually assaulted by two of the defendants who are prison guards during a cell search and that certain papers were removed from his cell and lost. Defendants filed a Martinez report and certain other evidentiary matters establishing these acts did not occur. The trial court, in a commendably thorough Memorandum and Order, details the evidentiary material submitted by Defendants, found they were uncontroverted, and granted Defendants' motions for summary judgment. The trial court also found Mr. Kinnell had filed twenty-five separate legal actions in federal courts since 1986, most of them dismissed as frivolous. Consequently, the trial court placed restrictions on Mr. Kinnell's future filings, limiting him to two civil rights law suits per year.
 
 
 4
 Mr. Kinnell appeals asserting "no law used by Court and shown to be clearly erroneous."
 
 
 5
 Mr. Kinnell has requested permission to appeal in forma pauperis. In order for Mr. Kinnell to proceed in forma pauperis there must be "a rational argument on the law or facts" in support of the issues raised on appeal. Coppedge v. United States, 369 U.S. 438, 448 (1962); Ragan v. Cox, 305 F.2d 58, 60 (10th Cir.1962).
 
 
 6
 In this case before us Mr. Kinnell has failed to meet this minimal burden. We give to Mr. Kinnell the same benefits afforded to a pro se appellant. The record on appeal is nearly one foot thick and we have reviewed it. Mr. Kinnell has not made and indeed cannot make any rational or reasoned argument that the decision of the trial court was erroneous. We attach hereto a copy of the trial court's Memorandum and Order.
 
 
 7
 Mr. Kinnell is denied permission to proceed in forma pauperis even though he has made a showing that he is financially unable to pay the costs and fees. The mandate shall issue forthwith.
 
 
 8
 The appeal is DISMISSED.
 
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF KANSAS
 
 9
 ROLLY O. KINNELL, Plaintiff,
 
 
 10
 vs.
 
 
 11
 SERGEANT CONNALLY, et al., Defendants.
 
 Case No. 86-3307
 April 3, 1991
 MEMORANDUM AND ORDER
 
 12
 This is a pro se civil rights action which is now before the court following a pretrial conference before John C. Tillotson, United States Magistrate. The pretrial order submitted by the magistrate was reviewed, adopted and signed by the court on January 9, 1991. Thereafter, defendants filed a motion for summary judgment, and the plaintiff Kinnell has filed various responses to the pretrial order and defendants' motion.
 
 
 13
 Kinnell has also filed a "Notice for Three Judge Court Hearing Forthwith" (Dkt. 76), and has attempted to "appeal" from the pretrial order. (Dkt. 77). In addition he has filed a paper entitled "Motion for Leave to Proceed in Forma Pauperis ...". (Dkt. 81). In this motion he complains of an "order that denied (him) to have his cause of action under Jurisdiction 28 USC 2283 for removal of State Civil Actions" and attaches to this a copy of the pretrial order. He states that the court is denying his rights to equal protection and due process, and the right of access to the court. He has also filed papers in this case entitled "Plaintiff's Offer for Full Settlement Under Civ.Rules 68, Rule 81(c) and Evidence Rules" (Dkt. 75). In this filing, he complains about "the deliberate obstruction of justice, to wit: withholding of evidence dated August 3, 1990; withheld from trial proceedings on August 16, 1990, causing cruel and unusual false imprisonment knowingly!". Attempts to appeal are, of course, inappropriate at this time and the issues to be addressed in this case are solely those set out in the pretrial order.
 
 
 14
 This is a conditions of confinement case arising from Kinnell's incarceration in the Kansas State Penitentiary at Lansing, Kansas. He alleges that on or about December 7 and 8, 1986, he was homosexually assaulted by the defendants, Sergeant Connally and Officer Finney during a cell search. He claims that the assault consisted of squeezing his genitalia during a "pat down" search after Kinnell had spit in the face of Officer Connally.
 
 
 15
 Kinnell also claims that his legal papers were removed from his cell, along with other personal property and that these items were lost. He also alleges that the search and frisk deprived him of rights under the Fourth, Fifth, and Fourteenth Amendments and that the frisk constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments, and that due to the loss of his legal papers, his right to access to the court was denied in violation of the Fifth, Sixth and Fourteenth Amendments.
 
 
 16
 Kinnell seeks declaratory and injunctive relief, damages of $150 for lost property, $2500 for lost legal papers, and $500 in attorney's fees.
 
 
 17
 In response, defendants deny the charges made by Kinnell; they allege that the claims are frivolous, that defendants are entitled to the defense of good faith qualified immunity, and that Kinnell's claims are barred by res judicata and collateral estoppel.
 
 
 18
 At the pretrial conference it was agreed that the institutional file including medical records, and the Martinez report filed with defendants' answer, could be received in evidence without additional foundation. It was also stipulated that Kinnell's cell was searched on December 8, 1986, by Officers Finney, Chinn and Connally, that plaintiff was patted down by Connally, and that defendants were acting in their official capacity.[1]
 
 
 19
 In the motion for summary judgment, defendants contend that there are no disputed issues of any material fact and that they are entitled to judgment as a matter of law.
 
 
 20
 A review of the complaint, the answer, the accompanying Martinez report, and affidavits attached to that report discloses the following facts:
 
 
 21
 Kinnell is an inmate committed to the custody of the Secretary of Corrections for the State of Kansas, and at all times relevant was confined at the Lansing Correctional Facility in this state.
 
 
 22
 Defendant Sgt. Connally was an employee of the Department of Corrections assigned to the facility; Defendant Adrian Chinn, likewise an employee, was acting as a Corrections Officer II at Lansing, and Defendant Finney is an employee of the department and was employed as a corrections officer at Lansing during the relevant time period.
 
 
 23
 On December 7, 1986, Kinnell was charged with insubordination or disrespect and battery when he told Officer Chinn "Fuck you what are you funny. You like looking at peoples dicks," and spit upon the officer. Kinnell pleaded guilty to insubordination or disrespect, and the charge of battery was dismissed.
 
 
 24
 On December 8, Kinnell was charged with disobeying an order and battery when he refused to remove his blue jeans from his shower bag and spit in Officer Kevin Young's face.
 
 
 25
 Later that day, a random cell search was conducted on Kinnell's cell. It is a practice of the cell house officers to randomly search a few cells every other day. In conducting the search, Kinnell was ordered to back up to front of the cell so that his hands could be cuffed behind his back. Once handcuffed, he was released from the cell on to a "run" in front of the cell, where he was frisked by Sgt. Connally. The cell search was conducted by Officers Chinn and Finney, while Kinnell remained outside the cell with the sergeant. During the search of the cell, newspapers and magazines addressed to other inmates were removed along with plastic flatware, tubes of jelly, and salt and pepper. No paper other than the newspapers and magazines was removed from the cell and no postage stamps were taken. During a shakedown of a cell, if extra sheets or blankets are discovered in excess of the inmate's quota, they are returned to the laundry. Not all of Kinnell's sheets and blankets were removed from the cell. (Exs. 2, 7, Martinez report, Affidavits of Adrian Chinn and D.W. Finney).
 
 
 26
 Defendant Connally has supplied the court with his affidavit regarding the search. Kinnell was wearing pants and a shirt when he was searched and Connally states that the search was entirely proper, that it was made to determine if Kinnell had anything hidden in his clothes, and that he did not grab, squeeze or otherwise fondle Kinnell's private parts. The affidavits of the other officers present are similar in nature. During the search, Kinnell continuously called Connally and the other officers homosexuals and faggots.
 
 
 27
 Kinnell contends that he was denied a meal by Sgt. Connally on December 11, 1986. By affidavit, Connally has denied that he did so, and is supported by a written log kept on prisoners in segregation which shows that Kinnell was given a meal during Sgt. Connally's shift. (Martinez report, Ex. 8). Even if Kinnell missed a meal, such a claim is frivolous and would not be evidence of a violation of a constitutional right.
 
 
 28
 While the court should construe the complaint in a liberal manner, Kinnell is not relieved of the burden of showing evidence, beyond the pleadings, that there are triable issues of fact. The uncontroverted facts supplied by affidavits and prison documents, concerning the frisk, the search of the cell and the removal of trash and contraband, establish that the officers were acting in good faith, and in accordance with correctional standards maintained by the institution. Here, Kinnell's claims are simply conclusional allegations, insufficient to establish a constitutional violation.
 
 
 29
 Kinnell's allegations are particularly suspect when viewed in the light of his history of litigation in federal and state courts. At the request of the court, the magistrate conducted an investigation into prior complaints filed by Kinnell, and has made his report, which appears in the pretrial order. Since 1986, Kinnell has filed 25 separate legal actions in the federal courts, most of which have been dismissed as frivolous. In most of these, Kinnell has charged that the various defendants are motivated by perverted sexual interests, and among those he has accused are custodial personnel, medical providers, administrative officers, court personnel and judges. Similar malicious allegations continue to be made in recent communications received from Kinnell by this Court.[2]
 
 
 30
 The magistrate reviewed sixteen of the cases filed by Kinnell since 1987. One of those is still pending, and the other fifteen have been dismissed as frivolous or conclusional. Many of these cases have been dismissed several times because of various motions to amend and motions made by Kinnell after the initial dismissal. Appeals from these cases have been dismissed as frivolous. A synopsis of the cases prepared by the magistrate is adopted by the court, and attached to this memorandum and order as Appendix A.
 
 
 31
 In addition to these cases, the magistrate took judicial notice that Kinnell, during the same time period, has filed actions alleging similar "civil rights" violations by state officials in the District Court of Leavenworth County, Kansas. Seven such cases are now pending there, all filed since January 1, 1990. These actions contain similar allegations about sexually perverted custodial, medical, administrative and judicial officials.
 
 
 32
 Kinnell's abuse of the judicial system is clear, and it cannot and will not be tolerated. Because of this abuse, Kinnell's right of access to this court will be limited in the following manner:
 
 
 33
 1. Kinnell's complaints alleging violations of his civil rights shall be limited to two filings per calendar year.
 
 
 34
 2. Kinnell must submit an application to file any complaint to be reviewed by the court. In this application, Kinnell must certify, under oath, that his claims are new and not similar to those of any other past or pending complaint.
 
 
 35
 3. Kinnell's application shall further certify the names and case numbers of all pending litigation, whether in state or federal courts.
 
 
 36
 4. Kinnell's application to file any complaint shall be in separately numbered, legibly written paragraphs.
 
 
 37
 5. In this application, Kinnell shall state the names of all witnesses to the alleged violation of civil rights.
 
 
 38
 6. The limitation on Kinnell's filing of complaints shall be excused only when he certifies, under oath, that his allegations of wrongs constitute a threat of immediate physical harm to him.
 
 
 39
 In accordance with the foregoing findings,
 
 
 40
 IT IS ORDERED that defendants' motion for summary judgment be, and it is hereby SUSTAINED, and this case is DISMISSED; and
 
 
 41
 IT IS FURTHER ORDERED that plaintiff's access to this court be limited in the above described manner because of his abuse of the processes of this court.
 
 
 42
 SO ORDERED.
 
 
 43
 /s/Wesley E. Brown
 
 United States District Senior Judge
 APPENDIX A
 
 44
 U.S. Magistrate Kinnell files--
 
 
 45
 87-3058--filed 3/5/87; dismissed 4/21/87; grounds: 1) Plaintiff repeatedly passed over for parole--2) Forced to wear shorts going to and from shower; disposition: dismissed as frivolous
 
 
 46
 87-3130--filed 5/8/87; dismissed 6/2/87; grounds: 1) Plaintiff has to shower in his shorts--2) Plaintiff improperly detained in prison--3) Plaintiff's Eighth and Fourteenth Amendment rights violated because held beyond the term of his sentence and incarcerated because he protected his own civil rights; decision: 1) Frivolous--2) Dismissed for failure to exhaust state remedies--3) Dismissed for failure to exhaust state remedies.
 
 
 47
 87-3148--filed 5/22/87; dismissed 6/2/87; claim: motion for relief from adverse judgments in Cases 79-3023, 82-3238, 85-3180, 85-3259 and 86-3109. Held motion for relief from judgment is not a separate cause of action.
 
 
 48
 87-3157--filed 6/1/87; dismissed 6/30/87; claim: first citizenship claim for false advertising, dismissed as frivolous
 
 
 49
 87-3196--filed 7/2/87; dismissed 8/31/87; grounds: Petition for writ of habeas corpus ad testificandum to file criminal charges against Judges Saffels and O'Connor; held: dismissed for failure of the government to join in the prosecution of the complaint.
 
 
 50
 87-3365--filed 12/18/87 (Kinnell v. Steve Davies); grounds: Martinez report: 12/2/87 plaintiff received a disciplinary report by Officer Watson for plaintiff throwing a handful of Jello at the officer. In retrieving lunch trays, Officer Watson was hit by mashed potatoes by the inmate, as well as inmate urinating upon the officer's uniform. A disciplinary report was completed the same day alleging insubordination, disrespect, battery, interference with duties and improper use of food. Plaintiff was moved to A & T following the incident and received a copy of the disciplinary report the same day. The disciplinary report was served upon plaintiff at least within 24 hours of its occurrence.
 
 
 51
 Enroute to segregation, plaintiff became disruptive and had to be physically subdued. A further incident report was filed. Plaintiff could not be medically treated because he was too agitated to receive medical treatment. After being placed in segregation, plaintiff was kept in a strip cell for 24 hours and received clothing and bedding the next day. Held the complaint and Martinez report evidence a frivolous complaint.
 
 
 52
 Plaintiff does not appeal but files three successive motions for relief from judgment and appeals the third, which appeal is then dismissed by the Tenth Circuit June 28, 1990.
 
 
 53
 89-3103--filed 3/22/89; dismissed 5/9/89; grounds: Plaintiff requests an injunction against defendant Robert Stephan for enjoining the credit card protection agency from doing business, alleging that it interferes with plaintiff's right to do business with the company. Held frivolous.
 
 
 54
 89-3218-O--filed 6/8/89; grounds: Plaintiff alleges that the defendant, United States District Court, has violated his constitutional rights and caused his illegal confinement. Held dismissed as frivolous and malicious. Further held--appeal dismissed as frivolous 12/14/89.
 
 
 55
 89-3138-S--defendants: Karla Berskin, Brett Peterson, Ray Roberts, Dan Doyle, Bill Lucas, Ray Endell and Ray Belden; filed 4/17/89; dismissed 5/3/89; grounds: 1) Deliberate indifference to First and Fourteenth Amendments and forceable detention of personal property and credit card--2) books, tapes, training courses and law books destroyed--3) overcrowding forced on plaintiff by homosexual guards and lesbian mental health personnel. Held 1) allegations of complaint are conclusory, containing no facts to support the alleged constitutional violations--2) many of same claims dismissed and, therefor, res judicata by Kinnell v. Stephan, 88-3278; Kinnell v. Maschner, 86-3109. Further held, appeal dismissed as frivolous 2/8/90.
 
 
 56
 89-3111-S--filed 3/28/89, case pending. Grounds--1) Plaintiff alleges deprivation of civil rights because he has been denied his personal property and the use of a credit card--2) Mental health personnel abusing confidential information--3) KSP staff tampering with incoming legal mail--4) All law books held since 1983--5) Dept. of Corrections relying upon illegally altered versions of K.S.A. in determining maximum sentences--6) Deliberate overcrowding--7) Prison staff with homosexuals and lesbians--8) Plaintiff requests relief in the form of release from prison. Note: motion to strike plaintiff's pleadings or for sanctions for failure to comply with court orders is pending as Doc. 15.
 
 
 57
 90-3024-R--filed 1/30/90; grounds--1) Defendants, Kansas Parole Board, Robert Stephan, Attorney General, Steve Davies, Dept. of Corrections and Ray Roberts, KSP Director, unconstitutionally violated plaintiff's rights by disallowing good time credit pursuant to his October 1977 sentence by the use of a 1980 statute, constituting false imprisonment, illegal rehabilitation and corporal punishment--2) Illegal false imprisonment--3) Custodial Officer Barkley caused theft of personal property or loss of personal property--3) Conditional release date of April 1988 changed to April 1990 and Parole Board refused to grant hearing; plaintiff held in mental health facility. Held allegations vague and conclusory, do not recite facts or present an arguable legal basis for imposing any liability. Dismissed as frivolous 2/16/90.
 
 
 58
 90-3015-S--filed 1/18/90; dismissed 1/23/90; grounds: 1) Defendants Wardlow and Brinkman as correctional officers causing false imprisonment in segregation by causing plaintiff to submit to a urine test while on cold medication--2) Defendant Ray Roberts permits homosexual officers to tamper with legal mail--3) Defendant Wardlow caused plaintiff to be placed in segregation after leaving disciplinary hearing. Held allegations vague and conclusory without any statement of facts sufficient to state a constitutional claim. Claim is frivolous.
 
 
 59
 88-3047-S--filed 2/3/88; grounds: Plaintiff alleges defendant Steve Davies has illegally confiscated legal materials, personal cosmetics and religious books, etc. Held plaintiff makes no allegation that he has attempted to resolve his dispute through administrative procedures and, accordingly, petition dismissed (frivolous?, failure to exhaust?).
 
 
 60
 88-3087-S--filed 3/9/88; dismissed 3/31/88; grounds: Plaintiff alleges State of Kansas, Bourbon County District Court, Kansas Appellate Courts, Dept. of Corrections and Kansas Parole Board should be enjoined from enforcing 1977 conviction, which denied due process, equal protection, suppressed freedom of expression to protect plaintiff against attack and denied plaintiff's right of assistance to counsel--2) Subjected to cruel and unusual punishment at KSP in violation of Eighth and Fourteenth Amendments. Held 1) allegations of due process, equal protection, denial of right to assistance of counsel, request habeas relief and no showing of exhaustion of state remedies is pled. Counts dismissed --2) 1984 claim of homosexual attack barred by statute of limitations (2 years). Further held appeal dismissed as frivolous 2/1/90.
 
 
 61
 88-3278-S--filed 8/1/88; dismissed 11/28/88; grounds: Plaintiff alleges defendants Stephan, Bourbon District Court, Leon Patton, U.S. Attorney, Steve Davies, Dept. of Corrections and Leavenworth County District Court variously violated his rights in the following particulars: 1) 1977 conviction violated constitutional rights--2) detained in a red necked overcrowded and homosexual prison--3) continuing conspiracy among defendants to deny due process and equal protection and, therefore, amounts to cruel and unusual punishment--4) Director of Prisons allows racism and homosexuality--5) Dept. of Corrections denies due process--6) Leavenworth County conspires with state agents to deprive constitutional rights. Held all plaintiff's allegations are merely conclusory and no statements of material fact are made to support the alleged violations. Complaint dismissed as frivolous. Further held multiple motions to set aside denied. Further held appeal dismissed as frivolous 2/2/90.
 
 
 62
 88-3279-S--filed 8/1/88; dismissed 9/21/88; grounds: 1) Habeas corpus relief for denial of assistance of counsel at trial--2) Parole eligibility statute altered without explanation in violation of vested rights--3) Denied due process by prior rulings of this Court. Held 1) This Court determined 3/24/81 that petitioner had not been denied effective assistance of counsel--3) That plaintiff is denied due process of law by the Court's rulings does not state a claim for habeas relief under 28 U.S.C. § 2254--2) After granting plaintiff additional time to show cause why his claim No. 2 should not be dismissed, the Court dismissed the same 11/29/88. The petitioner was convicted 10/6/77. Plaintiff's claims were previously raised and he fails to show any exceptional circumstances justifying the assertion of additional grounds of error and does not allege any retroactive change in the law, newly discovered evidence or any other explanation. Plaintiff's attack on his conviction constitutes an abuse of process and is, therefore, dismissed. Further held 12/20/88 that petitioner's allegation of conspiracy by Judge Saffels does not state a claim and motion to set aside is denied. Further held 6/5/89 that Judge Saffels allegedly guilty of criminal obstruction of justice and withholding evidence from pro se petitioner is frivolous and motion to amend denied. Further held two subsequent motions denied as frivolous. Further held appeal denied as frivolous 2/1/90.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Officer Freddie Finley was served as a defendant in this action, but while he was an employee of KSP, he had no connection with plaintiff. Officer D.W. Finney, however, did assist in the search of plaintiff's cell and he was present when Kinnell was frisked by Sgt. Connally. (Ex. 2, Martinez report)
 
 
 [2]
 In Kinnell's Response, filed February 8, 1991, he complains of "racist state officials", "homosexual abuse by all State Agents", claims that the Governor of this state is a "female impersonator", that "freaks" run things in this state, and slanders the state's attorney