946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph W. DUNAGAN, Plaintiff-Appellant,
v.
Jack COWLEY, Warden, Defendant-Appellee.
 Nos. 91-6193, 91-6194.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 These matters are before the court on appellant's motions for leave to proceed on appeal without prepayment of costs or fees. We grant appellant's motions and proceed to the merits of the cases. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 3
 Mr. Joseph William Dunagen appeals from an order of the United States District Court for the Western District of Oklahoma denying his petition of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1988). As grounds for habeas corpus relief the petitioner asserts the following: (1) that he was denied due process and effective assistance of counsel during the stage two (enhancement) proceedings at trial; and (2) that his prior convictions out of Oklahoma County used to enhance his present Kay County convictions were in violation of the United States Constitution, are fundamentally defective, and cannot be used to enhance his present sentences. Petitioner's second assertion involves the following specific allegations:
 
 
 4
 A. The trial court committed reversible error when it failed to inform petitioner of his right to trial by a jury of his peers;
 
 
 5
 B. Petitioner's guilty pleas were not knowingly, voluntarily and intelligently entered because the trial court failed to inquire into coercion, terror or inducement;
 
 
 6
 C. Petitioner was denied effective assistance of counsel under the holdings in United States v. Cronic and Strickland v. Washington when counsel failed to subject the prosecution's case to meaningful adversarial testing;
 
 
 7
 D. The trial court erred by failing to inform petitioner of his privilege against compulsory self-incrimination;
 
 
 8
 E. Petitioner's guilty pleas are fundamentally defective inasmuch as the court failed to inquire as to his past and present mental state/competency;
 
 
 9
 F. Petitioner's guilty pleas were unknowingly and involuntarily entered considering the trial court's failure to provide him with a full understanding of the possible consequences of his pleas;
 
 
 10
 G. The court committed error when it failed to inform petitioner as to his right to confront his accusers.
 
 
 11
 We have reviewed appellant's brief, the record, and the district court's memorandum and order filed February 27, 1991. We find no error and AFFIRM for substantially the reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3