977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald Eugene NORRIS, Petitioner-Appellant,
v.
Steven J. DAVIES; and Attorney General, State of Kansas,
Respondents-Appellees.
 No. 92-3204.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1992.
 
 ORDER AND JUDGMENT*
 Before MOORE, TACHA and BRORBY, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an attempt by a state prisoner to appeal from a judgment denying a writ of habeas corpus. The matter is before us upon the petitioner's pro se application for leave to proceed without payment of fees. That relief was denied by the district court upon a finding the appeal was not taken in good faith and that it was legally frivolous.
 
 
 2
 To succeed on a motion for leave to proceed without payment of fees, an appellant must show both a financial inability to pay the required filing fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). In this case, a procedural impediment makes it impossible for petitioner to satisfy the second prong of the test.
 
 
 3
 Although petitioner seeks to review a judgment entered on December 19, 1991, denying his petition for a writ of habeas corpus, he failed to file a notice of appeal within thirty days of the entry of that judgment as required by Fed.R.App.P. 4(b). Instead, petitioner filed a pleading denominated a motion for reconsideration. That motion was not a tolling motion under Fed.R.App.P. 4(a)(4) because it was not filed within ten days of the entry of the judgment. Although the trial court granted a motion for an extended time within which to file the motion for reconsideration, the district court cannot extend the time in which to file a tolling motion. Fed.R.Civ.P. 6(b). The motion for extension of time is not the functional equivalent of a motion for reconsideration. Longstreth v. Tulsa, 948 F.2d 1193, 1195-96 (10th Cir.1991). Consequently, we do not have jurisdiction to consider the judgment denying the writ of habeas corpus.
 
 
 4
 Petitioner did file a notice of appeal on June 9, 1992. We can construe that as a notice of appeal from the order denying reconsideration entered on June 2, 1992. Our review of the denial of such a motion, however, is limited to whether the district court abused its discretion. Henry Van Hummell, Inc. v. CIR, 364 F.2d 746, 751 (10th Cir.1988).
 
 
 5
 After reviewing the record and the papers filed by the petitioner, we cannot conclude the denial of the motion for reconsideration was abusive of discretion. Accordingly, we must also conclude petitioner can make no rational argument on the law or facts in support of the issues raised. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is DENIED. It is further ordered the appeal is DISMISSED because no rational argument can be made on the merits. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3