986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nelson O. DUARTE, Petitioner-Appellant,
v.
Gary L. HENMAN, Warden, Respondent-Appellee.
 No. 92-3224.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner Nelson O. Duarte's motion for leave to proceed in forma pauperis on appeal without payment of costs of fees.
 
 
 2
 In order to succeed on his motion, petitioner must show both the financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 3
 The district court dismissed the petition pursuant to 42 U.S.C. § 2241 because it failed to allege facts supporting habeas corpus relief. The district court also denied petitioner's motion to amend to allege a civil rights violation because plaintiff was afforded appropriate due process in connection with the treatment he complained of while incarcerated at the United States Prison Lompoc.
 
 
 4
 A petition for habeas corpus relief must as a threshold matter challenge the underlying legality or the length of the petitioner's incarceration. In contrast, petitioner alleges he was placed in administrative detention and retained there pending investigation because prison officials received false and unreliable information that he was planning an escape attempt. An investigation revealed sufficient evidence to convince prison officials to conclude petitioner was a participant in an escape plan. Consequently petitioner was transferred from Lompoc to the United States Prison Leavenworth. He remained in administrative confinement at Lompoc until the transfer to Leavenworth less than six months later. Petitioner was not disciplined nor was his prison term affected as a consequence of the investigation.
 
 
 5
 We agree with the district court that petitioner has failed to state a cause of action under 42 U.S.C. § 2241. Petitioner acknowledged as much in his request to amend. Similarly, after reviewing the entire record and the allegations therein, we must agree that prisoners have very limited due process rights when prison officials address prison security issues. Whitley v. Albers, 475 U.S. 312, 321 (1986). This is particularly true when, as here, the consequences are nonpunitive. Hewitt v. Helms, 459 U.S. 460, 476 (1983).
 
 
 6
 We conclude that petitioner can make no rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied. The appeal is dismissed.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3