991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Isidro ABASCAL, Plaintiff-Appellant,
v.
Richard THORNBURGH, Attorney General of the United States,
Defendant-Appellee.
 No. 91-6136.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1993.
 
 ORDER AND JUDGMENT*
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner Isidro Abascal's motion for leave to proceed on appeal without prepayment of costs or fees.
 
 
 2
 In order to succeed on his motion, plaintiff must show both a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 3
 Petitioner, an excludable alien currently confined at the Federal Correctional Institute, El Reno, Oklahoma, sought habeas corpus relief pursuant to 28 U.S.C. § 2241. He paid the filing fees to initiate this litigation and represented himself pro se. The district court denied his petition on the merits. Thereafter, petitioner filed a timely notice of appeal and application to proceed on appeal in forma pauperis (IFP), supported by a poverty affidavit. The district court denied petitioner's motion, finding he had sufficient resources in either his mandatory prison account or his personal money market account, to pay the filing fees. Docs. 22, 23.
 
 
 4
 In support of his IFP motion in this court, petitioner signed a second affidavit which reveals $72.78 in his prison account, but $2500.00 in a savings account. Petitioner's second poverty affidavit further indicates he has no dependents. The record reveals no exceptional circumstances which might otherwise influence this court to exercise its discretion and grant petitioner IFP status on appeal.
 
 
 5
 A person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). We have required prisoners with resources more limited than petitioner's to utilize funds in prison accounts to initiate litigation. Shimabuku v. Britton, 357 F.Supp. 825, 826 (D.Kan.1973), aff'd, 503 F.2d 38 (10th Cir.1974). Petitioner had the financial ability to pay the costs and fees for this appeal. His funds will not be significantly depleted by assuming that expense.
 
 
 6
 The district court's denial of IFP status on appeal is supported by the law and was not an abuse of discretion. Petitioner's motion for leave to proceed on appeal without prepayment of costs or fees is DENIED. The government's motion to supplement the record is denied as moot.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3