7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Lee McCOLPIN, Plaintiff-Appellant,
v.
Brett K. PETERSON, Defendant-Appellee.
 No. 93-3080.
 United States Court of Appeals, Tenth Circuit.
 
 ORDER AND JUDGMENT[1]
 Sept. 22, 1993.
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 
 
 1
 This matter is before the court on Gary Lee McColpin's motion for leave to proceed on appeal without prepayment of costs or fees. Mr. McColpin, proceeding pro se, brought this 42 U.S.C.1983 (1988) action alleging a violation of his right to due process. Mr. McColpin, an inmate at the Lansing Correctional Facility, alleges that defendant Brett Peterson, a prison official, misstated or mischaracterized Mr. McColpin's criminal conviction during a prison disciplinary hearing. Rec., doc. 6, at 1 (District Court's Order Dismissing Complaint). As the result of a state habeas petition, the disciplinary action that resulted from the alleged misstatements was removed from Mr. McColpin's prison record. Rec., doc. 4, at 1 (District Court Order to Show Cause).
 
 
 2
 In the proceedings below, Mr. McColpin apparently alleged a violation of the equal protection clause. On appeal, he argues a violation of the due process clause due to the alleged arbitrary and capricious action on the part of defendant Peterson. Further, he appears to be alleging some type of libel or slander claim. Citing Kansas state law, Mr. McColpin states that Mr. Peterson has "maliciously communicated ... false information tending to expose the plaintiff to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social acceptance, and to scandalize or provoke his relatives and friends." Aplt. Br. at 3.
 
 
 3
 In order to succeed on his motion to proceed in forma pauperis, Mr. McColpin must show both:
 
 
 4
 1.A financial inability to pay the required filing fees and
 
 
 5
 2.the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.
 
 
 6
 See 28 U.S.C.1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 7
 In Paul v. Davis, 424 U.S. 693 (1976), the Supreme Court held that injury to reputation alone does not implicate a liberty interest sufficient to invoke the due process clause. Because Mr. McColpin does not allege any injury beyond reputation, we conclude that Mr. McColpin can make no rational argument on the law or facts in support of the issues raised on appeal, as required by paragraph two above. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied.
 
 It is further ordered as follows:
 
 8
 1. The filing fee is waived;
 
 
 9
 2. The appeal is DISMISSED because no rational argument can be made; and
 
 
 10
 3. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3