9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael James FRANKLIN, Plaintiff-Appellant,
v.
Charles E. WORDEN, District Judge, 17th Judicial District
for the State of Kansas, Norton, KS, Defendant-Appellee.
 No. 93-3116.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant has filed a motion to proceed without payment of fees. To succeed on such a motion, an appellant must show both a financial inability to pay the required filing fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). For reasons we shall delineate, we conclude appellant can make a rational argument on the law and facts in support of the issues raised; therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED.
 
 
 3
 Michael James Franklin, a state prisoner, filed a pro se complaint under 42 U.S.C.1983 against a state judge seeking declaratory judgment and injunctive relief. He asserted he was being deprived of due process because the state judge was not proceeding with Mr. Franklin's state case. He sought a declaration that his constitutional rights were thus being violated by the state judge and an injunction against further deprivations.
 
 
 4
 The district court dismissed the action on its own motion. The court held the state judge was absolutely immune from liability, citing Stump v. Sparkman, 435 U.S. 349, 356 (1978), and Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir.1990), cert. denied, 111 S.Ct. 1622 (1991).
 
 
 5
 On appeal, Mr. Franklin correctly points out a judge does not have immunity from an action for declaratory judgment. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1451 (10th Cir.1990). Thus, we must conclude the district court erred because it is clear from the complaint Mr. Franklin restricted his complaint to declaratory judgment and injunctive relief.
 
 
 6
 This conclusion does not mean Mr. Franklin's complaint is justiciable. To demonstrate his entitlement to declaratory judgment, he must show an actual and immediate controversy exists. Schepp, 900 F.2d at 1452. Whether the situation of which he complains still exists is a matter the district court will have to determine.
 
 
 7
 The judgment of the district court is REVERSED and the cause is REMANDED for further proceedings.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3