66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Ray JENKINS, Plaintiff-Appellant,
v.
STATE of Kansas; Keth Wilson, Judge; Don Scott, District
Attorney, Defendants-Appellees.
 No. 94-3181.
(D.C.No. 94-3181-DES).
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 LOGAN.
 
 1
 This matter is before the court on plaintiff Anthony Ray Jenkins' motion for leave to proceed in forma pauperis on appeal without payment of costs or fees.
 
 
 2
 To succeed on his motion, plaintiff must show both the financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (1962).
 
 
 3
 Plaintiff seeks to appeal the dismissal of his 42 U.S.C.1983 complaint filed against the Seward County (Kansas) judge and district attorney and the State of Kansas. He asserts denial of due process, that he will be subject to double jeopardy, his bond was improperly revoked, he was framed on state criminal charges, his son was wrongfully taken from him for adoption, and he is being held on bills of attainer [sic]. The district court dismissed the case against all defendants on grounds of absolute immunity. Quern v. Jordan, 440 U.S. 332, 337-39 (1979) (Eleventh Amendment bars suit for damages against a state); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.) (absolute immunity of state court judge while acting in judicial capacity), cert. denied, 115 S.Ct. 107 (1994); DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir.1994) (prosecutor enjoys absolute immunity for actions taken during the judicial process). The district court also noted that to the extent plaintiff's claims allege deprivation of constitutional rights and seek his release from incarceration, that he must first exhaust state and then habeas corpus remedies.
 
 
 4
 We conclude that plaintiff can make no rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied. The appeal is DISMISSED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470