# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

**Patrick Fisher**
**Clerk**

**Elisabeth A. Shumaker**
**Chief Deputy Clerk**

4/28/06

**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

**RE:** 95-6359, Cooper v. Hargett
Filed April 18, 1996 by Judge Seymour

Please be advised of the following correction to the captioned decision:

Page 3, item 2, the word "if" has been corrected to the word "is". Please make this correction to your copy.

Very truly yours,

Patrick Fisher,
Clerk

By:

Barbara Schermerhorn
Deputy Clerk

# UNITED STATES COURT OF APPEALS

**Filed 4/18/96**

## TENTH CIRCUIT

CECIL COOPER, JR.,

       Petitioner-Appellant,

v.

STEVE HARGETT;  ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

       Respondents-Appellees.

No. 95-6359
(D.C. No. CIV-95-499-R)
(W. Dist. Okla.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

Mr. Cecil Cooper filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his state convictions on one count of delivering cocaine and one count of delivering marijuana violated the Double Jeopardy Clause of the Fifth Amendment. The district court adopted the magistrate's recommendation to dismiss Mr. Cooper's double jeopardy claim as procedurally barred because he failed to raise the claim in his direct appeal, his direct appeal following resentencing after remand, or in his application for post-conviction relief.

The district court denied Mr. Cooper's request to proceed informa pauperis and Mr. Cooper has moved this court for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, Mr. Cooper must show both:

1.    A financial inability to pay the required filing fees and

2.    the existence of a nonfrivolous argument on the law and facts in

       support of the issues raised on appeal.

See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962).

This case is indistinguishable from Selsor v. Kaiser, 22 F. 3d 1029, 1034-36 (10th Cir. 1994), in which we held a double jeopardy claim barred by procedural default. We therefore conclude that Mr. Cooper can make no rational argument on the law or facts in support of the issues raised on appeal. Accordingly, the motion for leave to proceed on appeal without prepayment of costs or fees is denied.

It is further ordered as follows:

1.      The filing fee is waived;

2.      The judgment of the district court is AFFIRMED; and

3.      The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge