FILED
United States Court of Appeals
Tenth Circuit

December 10, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

CHARLIE J. GRIFFIN,

      Plaintiff - Appellant,

v.

TROOPER DUNN; SGT. JOHN
ROSE,

      Defendants - Appellees.

No. 09-1306
(D.C. No. 09-CV-00953-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **HOLMES,** Circuit Judges.[**]

Plaintiff-Appellant Charlie J. Griffin, appearing pro se, seeks to appeal

from the district court's dismissal of his case for failure to file an amended

complaint. We deny his motion to proceed in forma pauperis (IFP) and dismiss

the appeal.

On April 27, 2009, Mr. Griffin filed a complaint against two police officers

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

in the District of Colorado.  R. Doc. 3.  In a brief narrative, the complaint alleges that Defendants violated his constitutional rights during the course of two traffic stops.  The complaint also requests that the court appoint an attorney for Mr. Griffin because he is "ignorant of the law" and has "a mental illness."  R. Doc. 3 at 6.  The magistrate judge noted that the complaint "fails to assert specific claims for relief in a clear and concise manner and . . . fails to provide specific factual allegations in support of his claims that explain how his constitutional rights have allegedly been violated."  R. Doc. 4 at 2.  Accordingly, the magistrate judge ordered Mr. Griffin to file an amended complaint that complies with Fed. R. Civ. P. 8.  R. Doc. 4.  The magistrate judge did not address Mr. Griffin's request for a court-appointed attorney.  Instead of filing an amended complaint, Mr. Griffin sent a letter to the court stating, inter alia, "I have already answered those questions in my 1983 civil case" and included another narrative of events.  R. Doc. 5.  The district court found that Mr. Griffin's letter failed to comply with both the magistrate judge's order and the requirements of Rule 8.  R. Doc. 6.  The court dismissed the matter without prejudice, and denied IFP status for appeal.  R. Doc. 6, 14.

We have reviewed Mr. Griffin's opening brief and conclude that he has not made a reasoned argument on the facts and the law such as to merit IFP status. Coppedge v. United States, 369 U.S. 438, 445-46 (1962); Ragan v. Cox, 305 F.2d 58, 60 (10th Cir.1962).  Although Mr. Griffin takes issue with the district court's

not granting his request for an attorney, compliance with the magistrate judge's order to file an amended complaint that provides sufficient facts for the court to determine whether he has stated a claim does not require an attorney. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[P]ro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."). We note the district court dismissed his claim without prejudice, and Mr. Griffin is free to file a new, better formulated complaint that comports with the Federal Rules of Civil Procedure.

Accordingly, we DENY Mr. Griffin's request for IFP status and DISMISS his appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -