956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy Lloyd Edwards PUNCHARD, II, Dr., Plaintiff-Appellant,
v.
State of NEW MEXICO; Toney Anaya, Governor of the State of
New Mexico; State Department of Health & Environment;
State Hospital Board; Tom Deiker, Director; Ann Hughes,
Director; Liz Billins, Head of Nursing; Rudy Grand,
Assistant Director; Michael Hickey, Dr., The Forensic Team
Director; Juan Tellez, Dr., Team Staff; Norwood Gean, Dr.;
Gonzaless, Dr.; George Fernandez; Tomas Sturm, (R.N.);
Norman H. Hodges, Sixth Judicial District Court Judge;
Manual D.V. Saucedo, Division I Sixth Judicial District
Court; Jack Cousens, Sheriff, Luna County; City of Deming,
New Mexico; Deming Police Department; Sam Davison; Ruth
Unger, State Social Service Worker; Jacqulin Moffett, State
Social Service Worker; Tomas Sturm, Dr.; FRED DELAO,
(Judge); Wayne Leigtade, Forensic Social Worker; and
Richard Reed, Staff Social Worker, Defendants-Appellees.
 No. 91-2212.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Billy Lloyd Edwards Punchard, II, confined at the New Mexico State Hospital Forensic Unit at Las Vegas, New Mexico, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action against the state of New Mexico and others (hereinafter "defendants"). Punchard, styling himself as Emperor of the Royal Democratic State of Continental Africa Kingdom, has brought several actions pro se and in forma pauperis against defendants, seeking release from confinement. Punchard claims that New Mexico has no right to hold him because he is the head of a foreign government, and no right to charge him with crimes because he has diplomatic immunity.
 
 
 3
 The instant case originated as a civil rights suit seeking release from confinement and money damages. The district court dismissed Punchard's request for release from confinement as not cognizable under 42 U.S.C. § 1983. The district court noted that Punchard had a pending federal habeas corpus action which provided the proper forum in which to seek release from confinement. Because the claims for money damages were inextricably intertwined with Punchard's constitutional challenge, the district court stayed proceedings on the damage claims until the constitutional issues could be resolved in the habeas corpus action. The habeas corpus action has been dismissed, and the district court dismissed the civil rights claims remaining before the court in the instant suit stating:
 
 
 4
 After reviewing the pleadings in this case as well as the habeas action, this Court finds that Plaintiff has not alleged a constitutional violation cognizable under 42 U.S.C. section 1983.
 
 
 5
 Order, Civ. 86-1200 M, filed August 6, 1991.
 
 
 6
 Although the district court did not specify, it is clear that dismissal under 28 U.S.C. § 1915(d) was proper. A complaint is frivolous within the meaning of the statute,
 
 
 7
 where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, section 1915(d)'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.
 
 
 8
 Neitzke v. Williams, 490 U.S. 319, 325 (1989). Examples of frivolous claims are those "describing fantastic or delusional scenarios...." Id. at 328.
 
 
 9
 Upon consideration of the foregoing, it is ordered as follows: (1) the motion for leave to proceed in forma pauperis is denied for the reason that the appeal is frivolous, see Coppedge v. United States, 369 U.S. 438, 445 (1962); Ragan v. Cox, 305 F.2d 58, 60 (10th Cir.1962); (2) the appeal is DISMISSED; and (3) the mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3