958 F.2d 381
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Eugene MOORE, Plaintiff-Appellant,
v.
Steven J. DAVIES; Raymond Roberts; R.L. Smith; Douglas
Friesz, Major; (NFN) (NMI) McMillan, Captain; (NFN) Swope,
Captain; (NFN) (NMI) Randolph, Captain; (NFN) (NMI)
Jesmore, Captain; (NFN) (NMI) Castello, Captain; (NFN)
(NMI) Paynes; (NFN) (NMI) Hughes, Lt.; (NFN) (NMI)
Mulvane, Lt.; (NFN) (NMN) Coleten, Lt.; (NFN) (NMI)
Wardlow, Sgt.; (NFN) (NMI) Yevak, C.S.I; (NFN) Bottorff,
Sgt.; (NFI) (NMI) Connally, Sgt.; (NFN) Shipman, U.T.M.;
(NFN) (NMI) Taylor, U.T.M.; (NFN) (NMI) Gee, Unit Team;
(NFN) Beursken, Unit Team; (NFN) (NMI) Berrye, Unit Team;
(NFN) Myers, C.C.I.; (NFN) (NMI) Fryman, C.O.I.; (NFN)
Pfannensteil, C.C.I.; I.K. Potts, C.O.I.; (NFN) Allen,
C.O.I.; (NFN) (NMI) Lanza, Unit Team; Carol Daniels; W.
Finch; (NFN) Brenniger; C. Carpenter; (NFN) Callison,
Defendants-Appellees.
 No. 91-3290.
 United States Court of Appeals, Tenth Circuit.
 March 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The district court dismissed the complaint of Robert Eugene Moore alleging constitutional deprivations on the ground that it is frivolous. We have examined the complaint, and we agree.
 
 
 2
 The document consists of thirty-two pages, most of which contain a stream of consciousness recitation of Mr. Moore's obsessive love for a female corrections officer in the Lansing Correctional Facility in which he is confined. To the extent one can follow the tale, Mr. Moore asserts his love became all consuming, and it led to institutional punishment arising from his contact with the officer. Mr. Moore's recitation makes equivocal whether his affections were returned by the officer, but some of the documents attached to his complaint suggest she was more aloof than attracted. He concluded his verbose and prolix factual recitation with many conclusory allegations of constitutional deprivation against some thirty-three people connected in varying capacities with the Lansing institution. Mr. Moore seeks various forms of mandatory injunctive relief as well as punitive damages in the amount of $10,000 from each defendant.
 
 
 3
 A complaint is frivolous when it lacks an arguable basis in law or fact and embraces not only an inarguable legal conclusion but also a fanciful factual allegation. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Examples of frivolous complaints are those describing fanciful and delusional scenarios. Id. at 328.
 
 
 4
 The complaint filed by Mr. Moore seems to allege the institutional punishment he received was the consequence of a mutual love affair between himself and a correctional officer. Yet, the supporting documentation he attached to his pleading suggests his treatment was the consequence of violating institutional rules. Moreover, the documents indicate he pled guilty to those violations. We therefore believe the complaint is fanciful and that the trial court was correct in holding it frivolous.
 
 
 5
 This matter is now before the court on Mr. Moore's motion for leave to proceed on appeal without prepayment of costs or fees. To succeed on the motion, Mr. Moore must show both: a financial inability to pay the required filing fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We conclude Mr. Moore can make no rational argument on the law or facts; therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is DENIED. It is further ordered the appeal is DISMISSED because no rational argument can be made. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3