978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles E. DEAN, Petitioner-Appellant,
v.
Stephen KAISER, Respondent-Appellee.
 No. 92-6181.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Charles Edward Dean was convicted in Oklahoma state court of three counts of assault and battery, two counts of assault with a dangerous weapon, and one count of grand larceny. Mr. Dean brought his first federal habeas action in November 1989 after exhausting state remedies. Dean v. Kaiser, No. CIV-89-1975-T (W.D.Okla.1989). That writ was denied by the district court and we affirmed. Dean v. Kaiser, No. 90-6025 (10th Cir.1990), cert. denied, 111 S.Ct. 565 (1990). In this second habeas petition, Mr. Dean raises the issue of his alleged competency to stand trial and the state judge's failure to hold a post-examination competency hearing. The district court dismissed the petition as an abuse of the writ. This matter is before us on Mr. Dean's motion to proceed on appeal in forma pauperis and his application for a certificate of probable cause.
 
 
 3
 A petitioner abuses the writ "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." McClesky v. Zant, 111 S.Ct. 1454, 1468 (1991). In his second habeas action, Mr. Dean raises new claims that could have, and should have, been brought in his first habeas petition. We are satisfied that the district court correctly held that Mr. Dean has not shown cause and prejudice for failing to raise the claims in his first habeas action, nor has he shown that a fundamental miscarriage of justice would result from a failure to address the new claims. See id. at 1470. Mr. Dean therefore can make no rational argument on the law and the facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a) (1988); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). Similarly, Mr. Dean has failed to make a substantial showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. § 2253 (1988). See Barefoot v. Estelle, 463 U.S. 880 (1983).
 
 It is therefore ordered as follows:
 
 4
 1. The filing fee is waived;
 
 
 5
 2. Mr. Dean's motion for leave to proceed on appeal without prepayment of costs or fees is denied;
 
 
 6
 3. Mr. Dean's application for a certificate of probable cause is denied;
 
 4. The appeal is dismissed; and
 
 7
 5. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3