986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Curtis MOORE, Plaintiff-Appellant,
v.
Leo Lee TAYLOR, Judy Gift, David Coleman, Defendants-Appellees.
 No. 92-3407.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1993.
 
 Before McKAY and SETH, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Curtis Moore (Moore), appearing pro se, appeals from an order of the district court dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Finding Moore's appeal frivolous and not taken in good faith, the district court denied Moore leave to proceed in forma pauperis on appeal.
 
 
 3
 In order to succeed on his motion to proceed without prepayment of fees and costs, Moore must show both the financial inability to pay the required filing fees and the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox 305 F.2d 58 (10th Cir.1962). We affirm the district court's denial of leave to proceed in forma pauperis. However, in order to reach the merits, we grant the petition for a certificate of probable cause.
 
 
 4
 Moore, an inmate at the El Dorado Correctional Facility, El Dorado, Kansas, filed a complaint under § 1983 against several employees of the Department of Corrections. Moore alleged that the employees violated his civil rights when they refused his requests to take two weeks off from school and to take an emergency furlough to attend his brother's funeral.
 
 
 5
 The district court, after determining that Moore's claims related only to institutional programming and the denial of a request to attend a funeral, found that the claims presented no arguable basis for imposing liability on the named defendants and dismissed Moore's complaint as frivolous and malicious under 28 U.S.C. § 1915(d).
 
 
 6
 On appeal, Moore repeats his bald allegations that the actions of the employees were in violation of his due process and equal protection rights and constituted cruel and unusual punishment.
 
 
 7
 We have reviewed the entire record and agree with the district court that Moore's complaint should be dismissed as frivolous and malicious under § 1915(d). We AFFIRM the district court's Order dismissing Moore's civil rights action substantially for the reasons set forth in the district court's Order of October 29, 1992, a copy of which is attached hereto and made a part hereof. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF KANSAS
 
 8
 Curtis Moore, Plaintiff,
 
 
 9
 v.
 
 
 10
 Leo Lee Taylor, et al., Defendants.
 
 
 11
 Case No. 92-3386-DES.
 
 
 12
 Oct. 29, 1992.
 
 ORDER
 
 13
 This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, who proceeds pro se in this matter, has filed a motion to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915. On October 14, 1992, the court allowed plaintiff to file this action without prepayment of fees or costs. The purpose of this order is to determine whether this matter should be dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915(d).
 
 
 14
 Under § 1915(d), a court may dismiss a complaint sua sponte where it presents "a claim on an indisputably meritless legal theory," such as a "claim[ ] of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 15
 Further, § 1915(d) permits a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless," such as those "describing fantastic or delusional scenarios." Neitzke, 490 U.S. at 327-28; McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991).
 
 
 16
 Having examined the complaint, the court concludes the claims asserted therein are legally frivolous. Plaintiff has asserted only bald claims of due process and equal protection violations and cruel and unusual punishment. The claims presented in the complaint form refer to administrative decisions regarding plaintiff's institutional programming and the denial of a request to attend a funeral. The attachments to the complaint, however, reflect disciplinary reports prepared charging plaintiff with assault on two staff members. Even permitting plaintiff the liberal construction to which his pro se pleadings are entitled, the court finds no arguable basis is presented for imposing liability on the named defendants. Accordingly, the court concludes this matter is appropriately dismissed under § 1915(d) as frivolous and malicious.
 
 
 17
 IT IS THEREFORE ORDERED this matter is hereby dismissed and all relief is denied.
 
 
 18
 The clerk of the court is directed to transmit a copy of this Order to plaintiff.
 
 
 19
 /s/ Richard D. Rogers
 
 DALE E. SAFFELS
 United States District Judge
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3