996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William Frank SCHLICHER, Plaintiff-Appellant,
v.
Don THOMAS, Jerry Green, Robert Hendricks, R.L. Smith,
Defendants-Appellees.
 Nos. 93-3062, 92-3498.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 William Frank (F.) Schlicher, appearing pro se, appeals from the orders of the district court dismissing his 42 U.S.C. § 1983 civil rights complaint and denying him all relief requested. The district court dismissed Schlicher's complaint and action as frivolous and malicious by order of December 31, 1992. We must reverse and remand for further proceedings.
 
 Background
 
 3
 On May 21, 1992, Schlicher, an inmate in the custody of the Kansas Department of Corrections at the El Dorado Correctional Facility at El Dorado, Kansas, applied to the Department for permission to purchase a $250.00 # 1 typewriter Brother 760D with a disc storage. A Mr. Green of the Department, in the "Disposition" area of Schlicher's written application-request, wrote "This is permissible--However the maximum to be placed on it will be $150.00--Suggest that it be sent directly from vendor to prohibit delays."
 
 
 4
 On August 6, 1992, Schilcher submitted another request to Mr. Green of the Department inquiring that "Since electronic typewriters have been approved up to $250.00 value to buy and be sent in from a vendor, do I need permission to have one? Or have it sent?" No response was apparently made.
 
 
 5
 On November 1, 1992, Schlicher renewed his request and on November 18, 1992, in the "Disposition" area of the request form, Mr. Hayes of the Department wrote that "The dollar limit for an electric typewriter is $150.00. Therefore, the typewriter request for purchase cannot be sent in." On November 19, 1992, Schlicher filed a grievance with the Department. There is some indication that the Department responded that "This will be allowed as long as it meets institution requirements."
 
 
 6
 In his § 1983 action filed in the district court, Schlicher alleged that the named employees of the Department and others conspired to deprive him of his right to purchase the $250.00 # 1 typewriter Brother 760D with disc storage in violation of his rights and privileges under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. He alleged that he had been discriminated against and retaliated against because he "litigates to establish his rights in law and constitution." He sought an award of $10,000 from each defendant and such other relief as to cause the defendants to cease their discrimination against him.
 
 
 7
 In the December 31, 1992, order of dismissal, the district court found that "the prison employees have made reasonable efforts to assist plaintiff in his efforts to obtain the equipment he desires. There is virtually no evidence to suggest a conspiracy or any other action which might arguably infringe upon plaintiff's constitutional rights."
 
 
 8
 Schlicher filed a "Motion for Review" of the December 31, 1992, order asserting that when he filed his request and obtained an exception to acquire the $250.00 typewriter, he was told by one of the defendants that he would not get the typewriter because he was in litigation. He also asserted that two other inmates, David Woodward and Anthony Winn, had been granted the exception to purchase the $250.00 typewriter. The district court denied the "Motion to Review," observing that Schlicher had not been denied the right to purchase a typewriter. Thereafter, Schlicher filed a "Motion to Vacate Order Denying Relief" which was denied by the district court on February 8, 1993. The court observed:
 
 
 9
 "... some inconsistency in the position taken by correction officers on the correct processing of a request for the purchase of a typewriter costing more than $150.00. This alone, however, does not persuade the court that plaintiff's allegations of discrimination are not frivolous. Rather, the court remains convinced that plaintiff has failed to demonstrate a conspiracy and concludes plaintiff's more adequate remedy lies in the administrative grievance process."
 
 
 10
 After Schlicher filed a notice of appeal, the district court entered an order finding that for the reasons set forth in the order of December 31, 1992, "and because plaintiff's allegations on appeal are conclusory and frivolous," Schlicher's appeal is legally frivolous and not taken in good faith. Accordingly, Schlicher was denied leave to proceed in forma pauperis on appeal. Schlicher has moved in this court for leave to proceed on appeal without prepayment of costs or fees.
 
 Our Disposition
 
 11
 In order to succeed on his motion for leave to proceed on appeal without prepayment of fees and costs, Schlicher must show both the financial inability to pay the required filing fees and the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal. See, 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We grant appellant Schlicher's motion for leave to proceed on appeal in forma pauperis.
 
 
 12
 On appeal, Schlicher argues that the district court erred in that (1) he was discriminated against by the defendants in the denial of his request to purchase the $250.00 typewriter because he had engaged in litigation and because four other prisoners had been granted the exception and had purchase $250.00 typewriters, (2) exhaustion of state grievance remedies cannot be required prior to filing a 42 U.S.C. § 1983 action, and (3) racial discrimination has been shown toward the plaintiff, who is white.
 
 
 13
 The difficulty this court is confronted with is simply that there is no basis or standard upon which to determine whether Schlicher's § 1983 claims are meritless. The district court dismissed the complaint and cause of action before the defendants answered and without the benefit of a Martinez report. Nothing in this record indicates what, if any, state grievance remedies remain available to Schlicher. The record does indicate that Schlicher did file a grievance with the Department on November 19, 1992. Nothing herein reflects the disposition of that grievance.
 
 
 14
 On remand, the district court should direct that a report be prepared by the officials of the El Dorado Correctional Facility of El Dorado, Kansas, in accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978) and undertake such other proceedings deemed proper.
 
 
 15
 REVERSED and REMANDED. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3