982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Garfield DAVIS, Plaintiff-Appellant,
v.
Bill D. ROBINSON, Officer Sanders, Defendants-Appellees.
 No. 92-3190.
 United States Court of Appeals, Tenth Circuit.
 Dec. 3, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Garfield Davis appeals a district court order dismissing his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(d). The district court also entered an order denying him leave to proceed in forma pauperis on appeal, finding that his appeal was legally frivolous and not taken in good faith. Davis renews his motion for in forma pauperis status on appeal.
 
 
 3
 We granted Davis leave to proceed in forma pauperis in an order filed October 7, 1992. We have construed the pleadings liberally and reviewed the facts in the light most favorable to the appellant, and agree with the district court that Mr. Davis has asserted conclusory allegations of racial discrimination and conspiracy that are unsupported by any factual allegations. We therefore AFFIRM for substantially the reasons set forth in the district court's order dated May 11, 1992. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3