48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Garfield DAVIS, Plaintiff-Appellant,
v.
STATE of Kansas, Joan Finney, Governor; Robert T. Stephan,
Attorney General; Carl A. Gallagher, Assistant Attorney
General; Dale E. Saffels, District Judge; The Kansas
Supreme Court, Richard W. Holmes, The Kansas Appeals Court,
Mary B. Briscoe, Kansas Appellate Defender Office, Jessica
Kunen, Chief Appellate Defender; Kansas Department of
Corrections, Gary Stotts, Ray Roberts, Kansas Parole Board,
Micah A. Ross, Hutchinson Correctional Facility, Robert D.
Hannigan, Wyandotte County District Administration Agency,
Dean Smith, Chief Administrative Judge, Kansas City, Kansas
Police Department, Tom Daily, Police Chief; Captain Hooks,
Wyandotte County Prosecutor's Office, Nick A. Tomasic, Terra
Morehead, Assistant District Attorney; Wyandotte County
Sheriff's Department; Owen Sully, Sheriff; (NFN) Bond,
Warden Captain, Defendants-Appellees.
 No. 94-3162.
(D.C. No. 94-CV-3177)
 United States Court of Appeals, Tenth Circuit.
 March 2, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 STEPHANIE K. SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Garfield Davis, an inmate in the Kansas prison system, brought this action against numerous state and federal officials alleging various civil rights violations. The district court dismissed his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and denied him leave to proceed in forma pauperis on this appeal.
 
 
 3
 This matter is before us on Mr. Davis' motion for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, an appellant must show both:
 
 
 4
 1. A financial inability to pay the required filing fees and
 
 
 5
 2. The existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.
 
 
 6
 See 28 U.S.C. Sec. 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 7
 We conclude that Mr. Davis can make no rational argument on the law or facts in support of the issues raised on appeal, as required by paragraph two above. Mr. Davis asserts a panoply of violations against a multitude of defendants, which violations allegedly occurred during the course of his arrests, convictions, and incarceration. Mr. Davis' complaint is exceedingly long and difficult to read. After a review of the record, we agree with the district court that Mr. Davis' claims are largely based on inarguable legal theories, many of which have been previously considered and rejected as legally frivolous by district and appellate court judges. See Davis v. Robinson, 1992 WL 367865 (10th Cir.). His complaints relating to the alleged unconstitutionality of his conviction must, as the district court pointed out, be brought in a habeas action under 28 U.S.C. Sec. 2254 after exhaustion of state remedies.
 
 
 8
 The motion for leave to proceed on appeal without prepayment of costs or fees is denied.
 
 It is further ordered as follows:
 
 9
 1. The filing fee is waived;
 
 
 10
 2. The appeal is DISMISSED because no rational argument can be made; and
 
 
 11
 3. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470