52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Don Alton HARPER, Plaintiff-Appellant,
v.
(NFN) ROACHE, FBI Special Agent; (NFN) Colburn, FBI Special
Agent, Defendants-Appellees.
 No. 94-3340.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Don Alton Harper (Harper), appearing pro se, appeals from an order of the district court granting summary judgment in favor of FBI Special Agents James P. Roache (Roache) and Mark E. Colburn (Colburn) and dismissing his civil rights complaint brought pursuant to 42 U.S.C.1983. Finding Harper's appeal legally frivolous and not taken in good faith, the district court denied Harper leave to proceed in forma pauperis on appeal.
 
 
 3
 In order to succeed on his motion to proceed without prepayment of fees and costs, petitioner must show both the financial inability to pay the required filing fees and the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We grant Harper's motion to proceed in forma pauperis simply in order to reach the merits.
 
 
 4
 On June 2, 1993, a search warrant was issued by the United States District Court for the District of Kansas for the taking of hair samples from Harper in conjunction with a criminal case. On June 3, 1993, Special Agents Roache and Colburn went to the Correctional Corporation of America (CCA), a detention facility in Leavenworth, Kansas, where Harper was a federal pretrial detainee, to execute the warrant. Harper refused to comply with the warrant until he had talked to his attorney. Roache tried to contact Harper's attorney but was unsuccessful. Thereafter, Roache and Colburn took several hair samples over Harper's protest.
 
 
 5
 On June 29, 1993, the United States District Court for the District of Kansas issued a second search warrant for the taking of blood samples from Harper. On the same day, Roache and Colburn returned to CCA where Harper was still being held as a federal pretrial detainee. Harper refused to comply with the warrant until he spoke with his attorney. Roache contacted Harper's attorney and thereafter reported to Harper that his attorney had advised Harper to comply with the warrant. After Harper refused, he was restrained by Roache and Colburn and CCA staff while a registered nurse drew blood from his arm.
 
 
 6
 Harper subsequently filed this 1983 action against Roache and Colburn in which he alleged that: on June 3, 1993, he was summoned to appear before Roache and Colburn by a ruse and deception practiced by CCA Officer Delgado, who had stated that Harper's lawyer wanted to see him; although he strongly protested, Roache and Colburn and CCA staff ignored his protests and removed hair samples from his head and mustache; on June 29, 1993, Roache and Colburn returned to acquire some blood samples; that notwithstanding his refusal to consent in the absence of his attorney, he was bound and blood was taken from his arm by an unknown female; the taking of his hair samples and blood without first allowing him to consult with his attorney or to have his attorney present during the sample collections violated his constitutional right to counsel under the Sixth Amendment and his Fourth Amendment right to be free from unreasonable search and seizure.
 
 
 7
 Roache and Colburn moved for summary judgment arguing that: Harper's claim that he was brought before the agents under false pretenses was immaterial; Harper had no constitutional right to have his attorney present or to consult with his attorney prior to being made to give hair samples and blood samples taken pursuant to valid search warrants; Harper has not made a valid argument that there was anything wrong with either warrant.
 
 
 8
 The district court, in granting Roache's and Colburn's motion for summary judgment, found that Harper "does not challenge the search warrants, or say how the searches were otherwise unreasonable other than to state he should have been allowed to first consult with his attorney, or to have his attorney present during the testing." (R., Order, September 15, 1994, at 1). The court concluded that Harper "has no constitutional right to the advice or presence of an attorney prior to the government collecting non-testimonial samples from [him] pursuant to a valid search warrant. See e.g., U.S. v. Dougall, 919 F.2d 932, 935 (5th Cir.1988) (no Fifth Amendment violation to compel defendant to supply hair samples because evidence not testimonial)." Id. at 2.
 
 
 9
 On appeal, Harper contends that he was twice deceived by the FBI and CCA staff who had falsely stated that his attorney was at the facility to see him; the search warrants did not indicate their need nor did the agents state the need for the warrants; and that the magistrate judge had ordered that his defense counsel was to be present at all stages and available to consult with him.
 
 
 10
 To state a valid cause of action under 1983, a plaintiff must allege the deprivation by defendants of a right, privilege, or immunity secured by the constitution and laws of the United States while the defendant was acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir.1992). The district court, in granting appellees motion for summary judgment, posited Harper's 1983 claims as follows:
 
 
 11
 Plaintiff seeks damages and attorney fees for alleged violations of his constitutional rights....
 
 
 12
 Plaintiff does not dispute that FBI agents collected both hair and blood samples from plaintiff pursuant to valid search warrants. Plaintiff does not challenge the search warrants, or say how the searches were unreasonable other than to state he should have been allowed to first consult with his attorney, or to have his attorney present during the testing. The court does not agree. (R., Order at 1).
 
 
 13
 In Schmerber v. California, 384 U.S. 757 (1966), petitioner Schmerber was hospitalized following an accident involving a car which he had apparently been driving on a California highway. At the time of the accident, the California Vehicle Code 23102(a) made it a misdemeanor for any person to drive on any highway under the influence of an intoxicating liquor.
 
 
 14
 Following Scherber's hospitalization, the investigating officer, after smelling alcohol on Schmerber's breath and noticing other symptoms of drunkenness, placed Schmerber under arrest and informed him of his right to counsel. Schmerber obtained counsel. Thereafter, and despite Schmerber's refusal on the advice of counsel to consent thereto, the investigating officer directed a physician to take a blood sample from Schmerber.
 
 
 15
 On appeal, Schmerber argued, inter alia, that the taking of his blood over his objection on the advice of counsel violated his Fifth and Sixth Amendment rights. The Court, while ruling that the Fifth Amendment privilege against self incrimination prohibited "compelling 'communications' or 'testimony' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it," 384 U.S. at 764, rejected Schmerber's allegations that compelling him to submit to the blood test over his objection, made on the advice of counsel, violated his Sixth Amendment right to the assistance of counsel:
 
 
 16
 This conclusion [that the taking a blood sample did not violate Schmerber's Fifth Amendment rights] also answers petitioner's claim that, in compelling him to submit to the test in face of the fact that his objection was made on the advice of counsel, he was denied his Sixth Amendment right to the assistance of counsel. Since petitioner was not entitled to assert the privilege, he has no greater right because counsel erroneously advised him that he could assert it. His claim is strictly limited to the failure of the police to respect his wish to be left inviolate. No issue of counsel's ability to assist petitioner in respect of any rights he did possess is presented. The limited claim thus made must be rejected.
 
 
 17
 384 U.S. at 765-66.
 
 
 18
 Under Schmerber, Harper's Sixth Amendment right to effective assistance of counsel did not extend to having his counsel present or to first consult with counsel prior to the collection of his hair and blood samples pursuant to valid search warrants. See also: South Dakota v. Neville, 459 U.S. 553, 559 n. 8 (1983) ("Schmerber also rejected arguments that the coerced blood test violated the right to due process, the right to counsel, and the prohibition against unreasonable searches and seizures.").
 
 
 19
 We hold that the district court properly concluded that Harper's contentions that he should have been able to first consult with his attorney or to have his attorney present during the collection of his hair and blood samples, both of which were taken pursuant to valid search warrants, failed to state a valid cause of action under 1983.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470