943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sherman GALLOWAY, Petitioner-Appellant,
v.
Raymond ROBERTS and Robert T. Stephan, Respondents-Appellees.
 No. 91-3125.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on petitioner's motion for leave to proceed on appeal without prepayment of costs or fees and application for a certificate of probable cause. We grant petitioner's motion to proceed on appeal without prepayment of costs or fees, see 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962), and issue a certificate of probable cause pursuant to 28 U.S.C. § 2253. See Barefoot v. Estelle, 463 U.S. 880 (1983).
 
 
 3
 Mr. Sherman Galloway appeals the denial by the United States District Court for the District of Kansas of his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254 (1988). He challenges his state convictions of rape, aggravated sodomy and kidnapping. Petitioner asserts here his arguments at the district court that evidence introduced at trial was obtained during an invalid search and that he was deprived of his constitutional right against twice being placed in jeopardy for the same offense.
 
 
 4
 Petitioner's first claim deals with the scope of authority of a Kansas University police officer to search his home pursuant to a warrant. On interlocutory appeal, the Kansas Supreme Court concluded that the police officers were acting within the scope of their authority. State v. Galloway, 652 P.2d 673, 675 (Kan.1982). Because the scope of authority of a campus police officer is an issue of state law, see Rusillo v. Scarborough, 935 F.2d 1167, 1172 (10th Cir.1991) (scope of official's authority a matter of state law), we are bound by the state court's decision. Petitioner's claim of an illegal search therefore has no merit.
 
 
 5
 Petitioner next complains that he was deprived of his right against double jeopardy. After reviewing the record and petitioner's argument, we are satisfied with the district court's finding of fact and conclusion of law:
 
 
 6
 Petitioner filed a motion to sever the charges, and on October 19, 1981, the trial court granted the motion and entered the order to sever. That same day the state filed its notice of interlocutory appeal from the trial court's order which suppressed evidence in the case. Petitioner claims the notice of appeal suspended the trial court's jurisdiction to act in the criminal proceeding, and thus the trial court was without jurisdiction to enter the severance order. The record clearly shows the severance order was entered prior to the notice of appeal. Although both were filed the same day, the severance order was filed shortly after 3:00 P.M. s2ist.Ct. record vol. 2, at 119, (No. 82-54304-S) ], and the notice of appeal was filed about 3:45 P.M. [Dist.Ct. record vol. 1, at 114, (No. 82-54304S) ]. The record, therefore, does not support petitioner's argument and the court finds no merit to petitioner's second claim.
 
 
 7
 Galloway v. Roberts, No. 90-3148-S, 1991 WL 47404 (unpubl.) slip op. at 4 (D.Kan. March 19, 1991).
 
 
 8
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3