**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHERMAN L. GALLOWAY,

      Petitioner - Appellant,

v.

RAY ROBERTS, Secretary of
Corrections; STATE OF KANSAS,

      Respondents - Appellees.

No. 16-3017
(D.C. No. 5:14-CV-03165-SAC-DJW)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

      Sherman L. Galloway, a pro se[1] Kansas prisoner, seeks a certificate of

appealability (COA) to challenge the district court's judgment dismissing his petition

for a writ of habeas corpus filed under 28 U.S.C. § 2254.[2]  *See* 28 U.S.C.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     We liberally construe Mr. Galloway's pro se materials but do not act as his advocate.  *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2]     Mr. Galloway's notice of appeal referenced the denial of his motion to alter or amend filed under Fed. R. Civ. P. 59(e), but his COA materials do not mention or otherwise challenge that ruling.  We accordingly restrict our analysis to the district court's underlying judgment.  *See Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159,*

(continued)

§ 2253(c)(1)(A) (requiring a COA to appeal the dismissal of a § 2254 proceeding). For the following reasons, we deny a COA and dismiss this matter.

I

Mr. Galloway is presently serving a prison term of 60 years to life for sexual assaults and other crimes he committed against two women. His convictions, which were obtained in separate trials, were affirmed on direct appeal, and his efforts in state court for post-conviction relief were unavailing. *See Galloway v. Shelton*, No. 94,374, 2005 WL 3098732, at *1 (Kan. Ct. App. Nov. 18, 2005) (per curiam) (unpublished) (describing procedural history). In 1990, Mr. Galloway filed his first § 2254 petition, which the district court denied. *Galloway v. Roberts*, No. 90-CV-3148-S, 1991 WL 47404 (D. Kan. Mar. 19, 1991) (unpublished). We affirmed the denial of relief. *Galloway v. Roberts*, No. 91-3125, 1991 WL 172667, at *2 (10th Cir. Sept. 5, 1991) (unpublished). Thereafter, Mr. Galloway filed two more unsuccessful second or successive § 2254 petitions, *Galloway v. McKune*, No. 94-CV-3123-DES (D. Kan. Oct. 26, 1994); *Galloway v. McKune*, No. 98-CV-3347-DES (D. Kan. Aug. 4, 1999), and two unsuccessful civil actions challenging his convictions, *Galloway v. Shelton*, No. 03-CV-3362-GTV (D. Kan. Oct. 20, 2003); *Galloway v. McKune*, No. 07-CV-3105-SAC (D. Kan. July 13, 2007).

_____
*1166 (10th Cir. 2012)* ("[I]ssues designated for review are lost if they are not actually argued in the party's brief." (internal quotation marks omitted)).

- 2 -

Most recently, Mr. Galloway filed in the district court a § 2254 petition, asserting that his convictions were invalid because the prosecution never properly charged him with the crimes for which he was convicted. He also claimed, based on the same theory that his convictions were invalid because he was never lawfully charged, that the Kansas Parole Board lacked authority and jurisdiction to consider his suitability for parole. A magistrate judge reviewed the petition and directed Mr. Galloway to show cause why it should not be dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 petition. After Mr. Galloway filed his response, the district court concluded the petition was indeed an unauthorized second or successive § 2254 petition and dismissed it for lack of jurisdiction. Mr. Galloway moved the court to alter or amend its judgment under Fed. R. Civ. P. 59(e), but the court denied his request. Mr. Galloway now seeks a COA.

## II

A COA is a jurisdictional prerequisite to appeal. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that an applicant show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, no reasonable jurist could debate the propriety of the district court's dismissal. A prisoner may not file a second or successive § 2254 petition without first obtaining an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court . . . or it may dismiss the . . . petition for lack of jurisdiction." *Id.* at 1252.

Mr. Galloway's failure to obtain our authorization prior to filing his § 2254 petition, which was clearly second or successive, compelled the district court to either transfer it to this court in the interest of justice or dismiss it for lack of jurisdiction. *See id.* Finding no basis for transfer, the court properly dismissed the petition for lack of jurisdiction. Mr. Galloway's arguments do not—and cannot— demonstrate the court erred in requiring him to obtain our authorization before filing his second or successive § 2254 petition.

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

- 4 -