947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jim ELLIOTT, Plaintiff-Appellant,
v.
Steven J. DAVIES and Ray Roberts, Defendants-Appellees.
 No. 89-3244.
 United States Court of Appeals, Tenth Circuit.
 March 2, 1990.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on appellant's motion for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, appellant must show the following: (1) a financial inability to pay the required filing fees and (2) that he has made "a rational argument on the law or facts." Coppedge v. United States, 369 U.S. 438, 448 (1962); Ragan v. Cox, 305 F.2d 58, 60 (10th Cir.1962); see 28 U.S.C. § 1015(a) (1982).
 
 
 3
 Appellant filed the underlying suit against defendants for a writ of habeas corpus claiming unconstitutional conditions in his confinement at the Kansas State Penitentiary. He sought damages and injunctive relief pursuant to 28 U.S.C. § 2241 (1982). The district court reviewed appellant's complaint and entered an order requiring appellant to supplement his petition. After reviewing appellant's supplemental pleading, the court determined that the action was frivolous and dismissed it under 28 U.S.C. § 1915(d) (1982). In so doing, the court said that appellant's allegations were "vague and conclusory and fail[ed] to demonstrate any personal participation on the part of [defendants]." Order, August 25, 1987, at 1-2.
 
 
 4
 In his supplemental pleading, appellant alleged that "on or about 9/20/88 defendants by agent Linden Appel told plaintiff that despite rules he couldn't be granted access to any legal library or helps." Record, Supplemental Pleading, July 25, 1989, at 1. Appellant also alleged that he had been "repeatedly addressed, threatened and harassed by orders of defendants that he is to cease all legal proceedings and send all legal materials out or Linden Appela and J.M. Barkley are to seize and destroy them." Id. at 2. Construing broadly this pro se complaint, we conclude that the allegations quoted above are sufficiently specific to raise an issue of denial of access to the courts being done at the direction of the named defendants. We hold, therefore, that on this record, appellant's action cannot be dismissed as frivolous under section 1915(d). In so doing, we note that:
 
 
 5
 It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts.
 
 
 6
 Coppedge v. United States, 369 U.S. 438, 448 (1962).
 
 
 7
 We therefore reverse the district court's dismissal. Appellant's motion to proceed without prepayment of costs is granted, and the matter is remanded for further proceedings.
 
 
 8
 The mandate shall issue forthwith.