**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EMPEROR MESSIAH/KING PROPHET
GREGORY CARL WIND, JR.,

    Plaintiff - Appellant,

v.

THE PEOPLE OF THE STATE OF
COLORADO ATTORNEY GENERAL;
THE PEOPLE OF THE STATE OF
COLORADO SECRETARY OF STATE;
THE PEOPLE OF THE STATE OF
COLORADO GOVERNOR'S; THE
PEOPLE OF THE STATE OF
COLORADO ADAMS COUNTY
COURT,

    Defendants - Appellees.

No. 19-1036
(D.C. No. 1:18-CV-02982-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Gregory Carl Wind, Jr., a Colorado state prisoner proceeding pro se,[1] appeals the dismissal of his 42 U.S.C. § 1983 action. The district court dismissed Mr. Wind's claim without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

On November 19, 2018, Mr. Wind filed a § 1983 complaint listing the following defendants: the Colorado Adams County Court, the Colorado Attorney General, the Colorado Governor, and the Colorado Secretary of State.[2] The complaint was unintelligible, and the only identifiable potential claim was that Mr. Wind was a sovereign, meaning "the State of Colorado lacks all jurisdiction over [him]." R. vol. I at 6. Mr. Wind stated that he was seeking monetary damages.

On November 28, 2018, the magistrate judge assigned to the case entered an order directing Mr. Wind to file an amended complaint. The court outlined that under Rule 8 of the Federal Rules of Civil Procedure, Mr. Wind's complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." R. vol. I at 23. The court informed Mr. Wind

---

[1] We construe Mr. Wind's pleadings liberally but we will not act as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2] Mr. Wind also moved to proceed in forma pauperis (IFP). The magistrate granted the IFP motion and permitted Mr. Wind to proceed without paying an initial partial filing fee. But the court required Mr. Wind "to pay the required 350.00 filing fee through monthly installments." R. vol. I at 20.

that his original complaint did not comply with Rule 8. Accordingly, the court ordered Mr. Wind to file an amended complaint "**within thirty days from the date of the Order.**"[3] R. vol. I at 24. The court warned that failure to comply with the order would result in dismissal of the action.

Mr. Wind did not do as told. Instead, he filed several documents titled "amended complaint" that contained the same incomprehensible writings as his initial complaint. He also filed a document titled "power of attorney" and one titled "affidavit of truth." None of these documents complied with Rule 8.

On January 4, 2019, the district court entered an order dismissing Mr. Wind's case. The order detailed that Mr. Wind had failed to comply with the magistrate's November 28 order by failing to file an "amended complaint that conforms to the requirements set forth in Fed. R. Civ. P. 8." R. vol. I at 62. So, the court held that Mr. Wind had failed to prosecute and dismissed the complaint without prejudice under Fed. R. Civ. P. 41(b). The court certified that any appeal taken would not be taken in good faith and, the court warned, should Mr. Wind appeal he would be responsible for the $505 appellate filing fee or he would have to file a motion to proceed IFP before this court. Mr. Wind timely filed a notice of appeal. He has also moved to proceed IFP on appeal.

---

[3] The court clarified that Mr. Wind needed to explain "(1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated." R. vol. I at 24.

**DISCUSSION**

I.  *The district court did not abuse its discretion when it dismissed Mr. Wind's complaint.*

We review for an abuse of discretion a district court's order dismissing a § 1983 claim for failure to prosecute. *Harvey v. Thompson*, 746 F. App'x 722, 726 (10th Cir. 2018). A district court abuses its discretion when its actions are "arbitrary, capricious, or whimsical." *United States v. Pacheco*, 884 F.3d 1031, 1047 (10th Cir. 2018).

Mr. Wind points us to nothing resembling an abuse of discretion, and we see none ourselves. A district court has the sua sponte authority to dismiss a claim when a plaintiff has failed to prosecute his case. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation. . . ." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).

Here, the magistrate's order explained in detail the problems with Mr. Wind's initial pleading. The magistrate then instructed Mr. Wind how to cure these defects and gave him ample time to amend. Mr. Wind did not take advantage of the court's advice or the additional time. Instead, Mr. Wind filed several documents containing the same language the court had already told him was deficient. Accordingly, the district court did not abuse its discretion in dismissing Mr. Wind's case without prejudice.

4

*II.    We deny Mr. Wind's motion to proceed IFP.*

This matter is also before the court on Mr. Wind's motion to proceed IFP and, as a related matter, whether this filing should count as a "strike" under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). "In order to succeed on his [IFP] motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (citing *Coppedge v. United States*, 369 U.S. 438 (1962)). The Supreme Court has made clear "that merit or lack of merit is not the test" for determining such a motion. *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). All that is needed is "a rational argument on the law or facts." *Elliot v. Davies*, 947 F.2d 953, 953 (10th Cir. 1990). Mr. Wind's appeal does not contain a "reasoned, nonfrivolous argument on the law and the facts." *DeBardeleben*, 937 F.2d at 505. Accordingly, we deny Mr. Wind's motion to proceed IFP and order immediate payment of the unpaid balance due.

Additionally, this appeal will count as a strike under the PLRA. "Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting 28 U.S.C. § 1915(g)) (abrogated on other grounds as recognized by *Carr v. Zwally*, 760 F. App'x 550, 558 (10th Cir. 2019)). A prisoner cannot bring a

civil action or appeal once he has obtained three strikes, unless "under imminent danger of serious bodily injury." § 1915(g).

The district court dismissed Mr. Wind's complaint without prejudice for failure to prosecute. Ordinarily, dismissal for failure to prosecute does not count as a strike under § 1915(g). *Hafed*, 635 F.3d at 1179. So, Mr. Wind does not receive a strike for the district court's dismissal. But we deem this appeal frivolous and, as a result, assess one strike for Mr. Wind's appeal of the district court's order.

## CONCLUSION

We affirm the district court's judgment, deny Mr. Wind's motion to proceed IFP, and assess Mr. Wind one strike under the PLRA. All other outstanding motions are denied as moot.

Entered for the Court

Gregory A. Phillips
Circuit Judge

6